■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND DOUGLAS, Appellant. [662 NYS2d 315] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered November 15, 1993, convicting defendant, after a jury trial, of murder in the second degree and criminal posses-

sion of a weapon in the second and third degrees, and sentencing him, as a second violent felony offender, to concurrent terms of 25 years to life, 4 to 8 years and 2½ to 5 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was overwhelming evidence of guilt including an arresting officer's testimony that he saw the gunman shoot the victim and that he never lost sight of the masked assailant, later identified as defendant, as the officer and his partner pursued and apprehended him. Moreover, forensic tests established that the gun recovered on the ground near defendant was the weapon that fired the bullets that killed the victim.

The trial court properly precluded defendant from calling an alibi witness, since there was no "good cause shown" for the belated application to extend the period for service of the notice of alibi (CPL 250.20 [1]). Under the facts presented by defendant in his application, defendant would have had sufficient information about this witness to serve an alibi notice at the inception of the case.

Defendant's challenge to the absence of notice pursuant to CPL 710.30 (1) (a) for a remark made by defendant in the police car is unpreserved and we decline to review it in the interest of justice. Were we to review it, we would find that, on the existing record, this evidently spontaneous statement would not have been subject to suppression, and that in any event it could not have caused any prejudice in the light of the overwhelming evidence of defendant's guilt.

On the existing record, which defendant has not sought to expand by way of a motion pursuant to CPL article 440, we conclude that defendant received effective assistance of counsel. We perceive no abuse of discretion in sentencing.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Rubin, Tom, Andrias and Colabella, JJ.