■ The People of the State of New York, Respondent, v Jerry E. Parson, Appellant. [704 NYS2d 8] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered September 17, 1996, convicting defendant, after a jury trial, of two counts of robbery in the first degree and two counts of robbery in the second degree, and sentencing him, as a second felony offender, to two consecutive terms of 8 to 16 years to be served concurrently with two concurrent terms of 5 to 10 years, unanimously affirmed.

The court properly exercised its discretion (*see*, CPL 250.20) in precluding defendant from eliciting alibi testimony from a witness as to whom a notice of alibi was not served until approximately 9 months after service of the People's demand for a notice of alibi, given that defendant would have had sufficient information about this witness, who allegedly was his personal friend and co-worker for years prior to his arrest, at

the inception of the case (*People v Douglas*, 243 AD2d 280, *lv denied* 91 NY2d 891), and in view of the prejudice to the People's ability to investigate arising from the passage of time (*People v Bernard*, 210 AD2d 419, *lv denied* 85 NY2d 906). To the extent defendant is raising a constitutional issue, that issue is unpreserved and we decline to review it in the interest of justice.

The trial court properly exercised its discretion, after appropriate inquiry, in discharging a sworn juror prior to the completion of voir dire (CPL 270.35 [1]; *see*, *People v Page*, 72 NY2d 69, 73), since it was manifest from the juror's statements to the court that continued service would constitute a severe hardship, rather than a mere inconvenience, thus rendering the juror unavailable for continued service (*People v Edmonds*, 223 AD2d 455, *lv denied* 88 NY2d 984), and since the discharge was further justified by the very early stage of the proceedings at which it occurred (*People v Vargas*, 260 AD2d 258, *lv denied* 93 NY2d 1006).

On the existing record, which defendant has not sought to expand by way of a CPL 440.10 motion, we find that defendant received meaningful representation.

It is clear from the record that only one mandatory surcharge and crime victim assistance fee was imposed.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.