**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 10 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID WATLEY,

      Petitioner-Appellant,

v.

JOE WILLIAMS, Warden, Central
NM Correctional Facility;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 99-2262

---

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-97-583-BB)

---

Benjamin A. Gonzales, Assistant Federal Public Defender, Albuquerque, New
Mexico, for Petitioner-Appellant.

M. Anne Kelly, Assistant Attorney General (Patricia A. Madrid, New Mexico
Attorney General, with her on the brief), Santa Fe, New Mexico, for Respondents-
Appellees.

---

Before **BALDOCK**, **MAGILL**,[*] and **LUCERO**, Circuit Judges.

---

    [*] The Honorable Frank J. Magill, Senior Circuit Judge, United States Court
of Appeals for the Eighth Circuit, sitting by designation.

**BALDOCK**, Circuit Judge.

---

In New Mexico state district court, a jury convicted Petitioner David Watley of multiple counts of criminal sexual penetration and other offenses, resulting in a 60-year sentence. In federal district court, Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied all of Petitioner's claims but granted a certificate of appealability. Petitioner appeals the district court's denial of habeas relief on two grounds: the exclusion of a surprise alibi witness and the failure to excuse a juror for cause. We exercise jurisdiction pursuant to 28 U.S.C. § 2253, and affirm.

I.

The State of New Mexico tried Petitioner on 69 counts of second degree criminal sexual penetration, kidnaping, and aggravated burglary against eight victims. A jury convicted Petitioner of 49 counts against five victims, including 39 counts of criminal sexual penetration. One of the victims was Barbara Bruins. She awoke at 4:29 a.m. on March 15, 1986 to the sensation of her assailant's hand covering her mouth. She testified that he assaulted her for about an hour, but was careful to leave before sunrise.

Petitioner testified that on the night of March 14-15, he attended a friend's St. Patrick's Day party. At some time early in the morning–Petitioner did not

remember exactly when–he tried to drive home in his car. Because his car door handle was broken, he drove his roommate's car home instead. Petitioner's roommate, Dane Wyatt, testified that Petitioner left the party between 3:00 a.m. and 3:30 a.m. or as late as 4:00 a.m.

Another guest at the St. Patrick's Day party was Dennis Baca. During an interview with Petitioner's lawyer and the prosecutor the night before the eleventh day of trial, Baca declared that he had seen Petitioner at the party shortly before sunrise when Baca left. [1] Before trial, Baca's name appeared on a list of potential witnesses, but not on the list of alibi witnesses. See N.M. R. Crim. P. 5-508(A) (Michie 2000) (providing that once the State demands a notice of alibi witnesses, the defendant must provide a list at least ten days before trial or face exclusion of the witnesses' testimony).

The State objected to Baca's testimony, arguing that New Mexico's alibi witness rule provides for the exclusion of alibi witnesses who are not identified at

---

[1] Baca's testimony is arguably impeachment rather than true alibi evidence because it does not address Petitioner's whereabouts at the time the rape allegedly occurred. See, e.g., McCarty v. State, 763 P.2d 360, 361 (N.M. 1988) (criticizing the trial court's characterization of evidence of the defendant's location during the planning stages of the crime as alibi evidence). Petitioner could have left the party, raped the victim, and returned to the party before sunrise and been seen by Baca. See Watley v. State, 788 P.2d 375, 377-78 (N.M. Ct. App. 1989) (noting that the testimony was "of questionable probative value" because Petitioner could have returned to the party). We continue to characterize the testimony as alibi evidence, however, because neither party has challenged that label.

least ten days before trial. See N.M. R. Crim. P. 5-508(D) ("If a defendant fails to serve a copy of such notice as herein required, the court may exclude evidence offered by such defendant for the purpose of proving an alibi . . . ."). Further, the State argued that Baca's testimony would be prejudicial because the State would need to re-interview ten or fifteen other party guests who may or may not have seen Petitioner at the party. Finally, the State questioned Baca's truthfulness because he came forward with the alibi testimony at such a late moment.

Petitioner argued that a continuance would give the State enough time to re-interview witnesses to rebut Baca's testimony. Nevertheless, the trial court excluded Baca's alibi testimony. Petitioner's counsel made an offer of proof, in which Baca described having seen Petitioner at the St. Patrick's Day party shortly before sunrise. At trial, Baca testified only about the broken door handle on Petitioner's car.

After his conviction, Petitioner appealed to the New Mexico Court of Appeals. That court affirmed, reasoning that the trial court's decision to exclude the alibi testimony was consistent with Taylor v. Illinois, 484 U.S. 400 (1988):

> It is clear that a trial court does have discretion to preclude defense testimony as a sanction for failure to comply with a demand for notice of alibi. SCRA 1986, 5-508(C). In deciding whether to admit alibi evidence when a proper notice has not been served by the defendant, the trial court "should balance the potential for prejudice to the prosecution against the impact on the defense and whether the evidence might have been material to the outcome of the trial." McCarty v. State, 107 N.M. 651, 653, 763 P.2d 360, 362 (1988). In

-4-

considering the potential for prejudice to the prosecution, the trial court must take into account not only the prejudicial effect of noncompliance on the immediate case, but also the necessity to enforce the rule to preserve the integrity of the trial process. The trial judge should consider whether noncompliance was a willful attempt to prevent the state from investigating necessary facts. Ultimately the court must weigh the resulting prejudice to the state against the materiality of the precluded testimony.     Compare  Taylor v. Illinois , 484 U.S. 400, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988) (holding that the compulsory process clause of the sixth amendment does not create an absolute bar to the preclusion of a defense witness's testimony as a sanction for violating a discovery rule requiring disclosure of witnesses) and     McCarty v. State   (applying Taylor to preclusion under the notice-of-alibi discovery rule).

Watley v. State , 788 P.2d 375, 377 (N.M. Ct. App. 1989). The New Mexico Supreme Court denied certiorari.     Watley v. State , 787 P.2d 1246 (N.M. 1990) (table).

Thereafter, Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A magistrate judge recommended denying Petitioner's claims for relief. The district court adopted the magistrate judge's proposed findings and recommended disposition and denied the claims. The district court granted a certificate of appealability on three issues: (1) whether the State denied Petitioner due process by excluding testimony of an alibi witness for failure to give advance notice, (2) whether the State denied Petitioner due process by refusing to exclude two jurors for cause, and (3) whether the State denied Petitioner his Sixth Amendment right to counsel and due process for using at trial statements Petitioner made while in custody in order to be considered for bail and

for appointment of counsel.  On appeal, Petitioner raises only the first issue–regarding the exclusion of the alibi witness–and the failure to excuse one juror for cause.

II.

Petitioner filed his application on April 24, 1997, after the effective date of AEDPA.  See Van Woudenberg ex rel. Foor v. Gibson, 211 F.3d 560, 566 (10th Cir. 2000).  Under AEDPA's standard, a federal court may not issue a writ of habeas corpus unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Van Woudenberg, 211 F.3d at 566.  "In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court."  Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000).

In Taylor v. Illinois, the Supreme Court affirmed the trial court's exclusion of a witness whose name did not surface until the second day of trial.  Taylor, 484 U.S. at 403-05.  Defense counsel admitted that he was aware of the witness's name before trial.  Id. at 404.  The trial court found that the violation of the discovery rules was willful and blatant and ordered that the witness would not

testify.  Id. at 405.  The Court ruled that the discovery sanction of excluding the witness's testimony did not violate the defendant's rights under the Compulsory Process Clause of the Sixth Amendment.  Id. at 410.  Taylor relied on an earlier decision that struck down a state's per se rule that excluding witnesses for violating notice-of-alibi rules violates due process.  Williams v. Florida, 399 U.S. 78, 81 (1970).  Similarly, in Michigan v. Lucas, 500 U.S. 145, 151-52 (1991), the Court restated the proposition that excluding testimony as a sanction for violating a discovery rule does not violate the Compulsory Process Clause, so long as exclusion is necessary to prevent prejudice to the state and preserve the integrity of the judicial process. [2]

_____

[2]  Although not controlling our AEDPA analysis, we note several cases from this circuit conclude that the exclusion of testimony as a sanction for violation of procedural rules does not violate the Due Process Clause or the Compulsory Process Clause.  United States v. Pearson, 159 F.3d 480, 483-84 (10th Cir. 1998) (upholding the exclusion of an alibi witness that defense counsel failed to disclose pursuant to Fed. R. Crim. P. 12.1(a), despite the fact that defendant's attorney acted diligently in informing the Government as soon as defendant made him aware of the testimony); United States v. Bautista, 145 F.3d 1140, 1151-52 (10th Cir.), cert. denied, 522 U.S. 911 (1998) ("[T]he right to present defense witnesses is not absolute.  A defendant must abide by the rules of evidence and procedure."); Richmond v. Embry, 122 F.3d 866, 871-72 (10th Cir. 1997) cert. denied, 522 U.S. 1122 (1998) (noting that the state trial court properly excluded evidence of a victim's prior sexual activity because the defendant did not follow the procedures set out in the state's rape shield law); United States v. Russell, 109 F.3d 1503, 1509-12 (10th Cir. 1997) (affirming the district court's refusal to grant a continuance to allow the Government to re-interview witnesses that the court excluded as a sanction for defense counsel's violation of a mutual witness disclosure agreement); see also Tyson v. Trigg, 50 F.3d 436, 444-47 (7th
(continued...)

Based on these precedents, the New Mexico Court of Appeals reasonably applied Taylor v. Illinois to the facts of this case. Unlike the attorney in Taylor, Petitioner's counsel did not willfully hide Baca's testimony from the State. See Watley, 788 P.2d at 376-77. Nevertheless, Petitioner's counsel violated New Mexico's alibi witness rule by not listing Baca as an alibi witness. See id. at 377. Because preparing a rebuttal to Baca's testimony would require a continuance to re-interview ten to fifteen witnesses, the New Mexico Court of Appeals reasonably concluded that allowing Baca to testify about Petitioner's whereabouts would have prejudiced the State. Id. Also, because of its late discovery, Baca's testimony calls into question the integrity of the judicial process. See id. at 377-78; see also Williams, 399 U.S. at 81 ("Given the ease with which an alibi can be fabricated, the State's interest in protecting itself against an eleventh-hour defense is both obvious and legitimate."). In addition, the New Mexico Court of Appeals questioned the materiality of the proffered evidence for Petitioner's defense. Watley, 788 P.2d at 376-77.

Petitioner stresses the inadvertence of the failure to report Baca as an alibi witness. He also argues that Baca's testimony was material because there was

---

[2](...continued)
Cir. 1995) (balancing the high level of surprise and prejudice to the prosecution against the low materiality of the testimony to exclude witnesses who were disclosed late in violation of a discovery order–even though the delay was not willful).

other evidence pointing to Petitioner's innocence of the offense against Bruins and because the jury failed to convict Petitioner of any offense against three of the eight victims. Reasonable minds may disagree about the appropriateness of excluding an alibi witness whom Petitioner's counsel did not willfully omit, but under AEDPA we are limited to applying existing Supreme Court precedent. Because the New Mexico Court of Appeals reasonably applied <u>Taylor v. Illinois</u>, we affirm the district court's denial of Petitioner's claim for relief.

III.

Petitioner also challenges the trial court's refusal to excuse juror Shirley Sonnenberg for cause. During voir dire, Sonnenberg mentioned that a burglar had entered her home the year before. She also noted that her mother-in-law and a close friend had been raped. In addition, she regularly drove by one of the crime scenes. Finally, she commented that her daughter was in a Bible study group with one of the victims. Although she described herself as an emotional and compassionate person, Sonnenberg asserted that she could base her decision on the evidence. Petitioner moved to strike Sonnenberg for cause. After the trial court denied the motion, Petitioner used one of his peremptory challenges to excuse Sonnenberg. During voir dire, Petitioner used all of his peremptory challenges. The New Mexico Court of Appeals decided that the trial court did not

abuse its discretion in refusing to excuse Sonnenberg for cause. State v. Watley, No. 10,539, slip op. at 17 (N.M. Ct. App. Dec. 28, 1989) (unpublished).

"[A] defendant's exercise of peremptory challenges . . . is not denied or impaired when the defendant chooses to use a peremptory challenge to remove a juror who should have been removed for cause." United States v. Martinez-Salazar, 120 S. Ct. 774, 782 (2000). See also United States v. Brooks, 161 F.3d 1240, 1245 (10th Cir. 1998) (noting that even if the district court erred in refusing to excuse a biased juror for cause, the error was harmless because the defendant exercised a peremptory challenge to strike the juror, and the defendant presented no evidence that any of the remaining jurors were biased). Although Petitioner used all of his peremptory challenges, he has not shown that any biased jurors remained. Therefore, even if the trial court erred in failing to excuse Sonnenberg for cause, Petitioner has not shown that the trial court violated his constitutional right to an impartial jury. The New Mexico Court of Appeals' decision as to the biased juror issue is a reasonable application of federal law as the Supreme Court explained it in Martinez-Salazar. See Watley v. State, No. 10,539, 788 P.2d 375, slip op. at 17 (N.M. Ct. App. 1989) (unpublished portion of opinion).

AFFIRMED.