■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK BONNER, Appellant. [732 NYS2d 106] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered March 25, 1998, convicting him of kidnapping in the first degree, kidnapping in the second degree (7 counts), rape in the first degree (19 counts), robbery in the first degree (25 counts), sodomy in the first degree (13 counts), sexual abuse in the first degree (2 counts), and attempted kidnapping in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of multiple counts of kidnapping, rape, sodomy, robbery and related crimes arising out of his abduction and attempted abduction of 10 victims on 10 different dates. On appeal, he argues that the trial court erred in precluding him from eliciting testimony from three alleged alibi witnesses regarding his whereabouts during one of the incidents. We disagree.

The trial court providently exercised its discretion in rejecting the defendant's late alibi notice, served approximately 27 months after the statutory deadline, since the defendant failed to provide a sufficient explanation for the delay (*see,* CPL 250.20; *People v Parson,* 268 AD2d 208; *People v Douglas,* 243 AD2d 280; *People v Valentine,* 228 AD2d 708). In any event, in light of the overwhelming evidence of the defendant's guilt, including eyewitness identification by a victim who spent 12 hours with him during one of the incidents, DNA evidence, and the defendant's own confession, any error was harmless (*see, People v Crimmins,* 36 NY2d 230; *People v Ruiz,* 159 AD2d 656).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Krausman, J. P., McGinity, H. Miller and Smith, JJ., concur.