■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN WALKER, Appellant. [743 NYS2d 403] —Judgment, Supreme Court, New York County (Dora Irizarry, J., at suppression hearing; William Leibovitz, J., at jury trial and sentence), rendered September 19, 2000, convicting defendant of three counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

Defendant's application made pursuant to *Batson v Kentucky* (476 US 79) was properly denied. The court's determination that the prosecutor's proffered reasons for challenging the prospective jurors at issue were not pretextual is entitled to great deference (*People v Hernandez*, 75 NY2d 350, 356, *affd* 500 US 352). The record fails to support defendant's claim that the prosecutor treated similarly situated panelists disparately, on the basis of race. The prosecutor had reason for concern that each of the panelists at issue would be sympathetic to persons involved in drug-related crimes, and there were significant differences between the situations of these panelists and those of panelists whom the prosecutor declined to challenge.

The court properly exercised its discretion in precluding alibi testimony on the ground of the untimeliness of defendant's alibi notice, which was offered, without any showing of good cause, for the first time at the close of the People's case (*see,* CPL 250.20 [3]; *People v Nieves*, 290 AD2d 371; *People v Castro*, 263 AD2d 373, *lv denied* 94 NY2d 821). Defendant's claim that the alibi testimony should have been permitted as a matter of constitutional law notwithstanding the statutory violation is unpreserved (*People v Angelo*, 88 NY2d 217, 222; *People v Gonzalez*, 54 NY2d 729), and we decline to review it in the

interest of justice. Were we to review this claim, we would find that the court's ruling did not deprive defendant of due process or violate the Compulsory Process Clause (*see, Williams v Florida*, 399 US 78). Under the federal standard, if the explanation proffered by defendant for the untimely application to file alibi notice reveals that the omission was willful and motivated by a desire to obtain a tactical advantage, the witness's testimony may be properly excluded (*Taylor v Illinois*, 484 US 400, 414-415; *Noble v Kelly*, 246 F3d 93, 98-100, *cert denied* 534 US 886). Here, defendant could have provided timely alibi notice long before the close of the People's case since he would have known from the time of his arrest whether he was with anyone at the time he was accused of making a series of drug sales. Accordingly, it is immaterial when substitute defense counsel learned of the witness's whereabouts. The emergence of the alibi witness at the eleventh hour indicated that her proposed testimony was a product of recent fabrication (*see, Williams v Florida, supra* at 81), and warrants a finding of willful conduct on the part of defendant, personally. In any event, any error in this regard was harmless since there was no reasonable possibility that the exclusion of the alibi testimony affected the jury's verdict in light of the overwhelming evidence of defendant's guilt (*see, People v Crimmins*, 36 NY2d 230, 237; *see also, Chapman v California*, 386 US 18, 24).

The hearing court properly exercised its discretion in ordering defendant's removal from the suppression hearing after he continued to disrupt the proceedings despite repeated warnings. Defendant's misconduct resulted in a forfeiture of his right to be present (*see, Illinois v Allen*, 397 US 337; *People v Byrnes*, 33 NY2d 343, 349-350). Concur—Nardelli, J.P., Sullivan, Ellerin, Lerner and Rubin, JJ.