**Jerry E. PARSON, Petitioner,**

v.

**Leonard A. PORTUONDO, Superintendent Respondent.**

**No. 01 CIV. 8973(VM).**

United States District Court, S.D. New York.

April 29, 2003.

Jerry E. Parson, Wallkill, NY, pro se.

Darian B. Taylor, Attorney General of the State of New York, NY, for Leonard A. Portuondo, Superintendent, respondent.

### *AMENDED ORDER*

MARRERO, District Judge.

Petitioner Jerry E. Parson ("Parson"), acting *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Magistrate Judge Douglas F. Eaton, to whom this Court referred the matter, issued a Report and Recommendation (the "Report") dated March 18, 2003 recommending that Parson's petition be denied. A copy of the Report is attached and incorporated hereto. Parson was given until April 1, 2003 to file objections to the Report.

The Report notes that Parson was twice granted extensions, the second of which expired on September 3, 2002, to file a reply to Respondent's opposition, and that none had been submitted. The Court's docket sheet for this case contains no entry that a reply was filed with the Clerk. Nonetheless, on April 7, 2003, the Court received a letter dated March 24, 2003 from Parson enclosing a copy of Petitioner's Reply to Respondents Memorandum of Law In Opposition to Petition Seeking a Writ of Habeas Corpus, dated August 26, 2002 ("Reply"). Parson asserts that this Reply was timely sent to the New York State Attorney General by certified mail on August 28, 2002 and should have been considered by Magistrate Judge Eaton. Parson argues that because the Report failed to consider his Reply, this circumstance may have materially affected Magistrate Judge's conclusion. To remedy the situation, Parson asks the Court to review the petition anew in light of his Reply or, alternatively, to return the matter to Magistrate Judge Eaton for additional consideration on this basis.

The Court has conducted its own review of the full record of this matter, including each of the issues Parson raises in his petition and Reply and the Respondent's opposition and records attached thereto. The Court also examined the Report and considered Magistrate Judge Eaton's thorough legal analysis and conclusions insofar as they address Parson's petition. On the basis of such review the Court finds no meritorious basis in law to support Parson's challenge to his conviction on any of the grounds he asserts and thus to warrant granting his petition.

Parson's Reply focuses on two of the points made in his petition as grounds for habeas relief. The first argument relates to a witness, Adneris Garcia ("Garcia"), offered by Parson to testify in support of his alibi, who, according to Parson, would have testified that at time the underlying crimes occurred she was rollerblading with Parson. The trial court excluded Garcia's testimony because Parson failed to supply in a timely manner the requisite response to the prosecutor's request for a notice of alibi defense as to Garcia, such notice having been given more than eight months beyond the time limit prescribed in New

York Criminal Procedure Law ("CPL") § 250.20.[1]

Parson argues that the trial court committed error by not properly inquiring into the circumstances concerning his counsel's failure to serve a timely notice, so as to determine whether such lapse was willful or otherwise motivated by desire for tactical advantage. Parson argues that because Garcia was already scheduled to testify regarding other matters, she was available to the prosecutor; that allowing her testimony would not have posed significant prejudice to the prosecution; and that the preclusion of her testimony effectively deprived him of the opportunity to present evidence critical to his defense. Parson maintains that not only did the trial court's barring of the alibi defense constitute error justifying habeas relief, but that his counsel provided ineffective assistance by failing to investigate, preserve and present Garcia as an alibi witness.

Parson's second point in support of his petition asserts ineffective assistance of counsel in other respects. Specifically, he maintains that counsel did not request a jury instruction regarding commingling of evidence or an alibi defense; and failed to object to a certain allegedly prejudicial remark by the trial court to the prospective jurors, and to improper bolstering testimony by police officers concerning identification of Parson at the scene of the crime.

The Court is not persuaded that relief is warranted on either ground.

## A. *ALIBI DEFENSE*

■ On Parson's direct appeal of his conviction, the New York State Supreme Court, Appellate Division (the "Appellate Division") found that Parson's challenge on constitutional grounds of the trial court's preclusion of his alibi defense was unpreserved. *See People v. Parson*, 268 A.D.2d 208, 704 N.Y.S.2d 8, 9 (1st Dep't.2000), *lv. denied*, 95 N.Y.2d 837, 713 N.Y.S.2d 144, 735 N.E.2d 424 (2000). Parson's claim is thus procedurally barred by an "independent and adequate state ground ...." *Coleman v. Thompson*, 501 U.S. 722, 730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Accordingly, on habeas review this Court cannot reach the merits of the petition at hand unless Parson can demonstrate cause for the default as well as actual prejudice resulting from the alleged violation of federal law, or a fundamental miscarriage of justice, *see id.* at 750, 111 S.Ct. 2546, or unless he can establish that the trial court's rejection of the alibi defense "probably resulted in the conviction of one who is actually innocent ...," *see Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

■ On the record before it, Parson can not satisfy these standards. He has articulated no persuasive reason for failing to raise the alibi preclusion issue as a federal constitutional objection before the trial court. In fact, Parson's Reply does not address the issue at all, except perhaps impliedly as an aspect, not specifically articulated, of his claim of ineffective assistance of counsel.

Moreover, Parson has not sufficiently shown that the trial court's barring of his alibi defense worked to his "*actual* and substantial disadvantage, injecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494, 106 S.Ct. 2639 (quoting *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71

---

1. The prosecutor served the alibi demand notice on October 2, 1995, making Parson's response due on October 10. Defense counsel asserts that he served the notice as to Garcia on July 3, 1996, two weeks before trial was scheduled to commence.

L.Ed.2d 816 (1982)) (emphasis in original). The record contains no reliable proffer of evidence that Garcia's testimony would have corroborated Parson's story that he was rollerblading with Garcia at the time that the robberies for which he was convicted were committed. In fact, by Parson's own account, he met Garcia at about midnight on September 22 at 125th Street and Broadway in Manhattan to go rollerblading and they parted between 4:00 and 4:30 a.m. on September 23. The two robberies at issue occurred in the West Side of Manhattan, not far from Parson's meeting place with Garcia, at about 11:50 p.m. and 5:05 a.m. on September 22 and September 23. Thus, theoretically, Garcia's testimony may not have provided conclusive corroboration of Parson's alibi.

Moreover, Parson offers no explanation for not producing Garcia as a potential alibi witness at the inception of Parson's prosecution, or for the nearly nine-month delay in responding to the prosecutor's request for a notice of alibi. This extensive delay is especially inexplicable given, as the Appellate Division observed, that "defendant would have had sufficient information about this witness, who allegedly was his personal friend and co-worker for years prior to his arrest . . . ." *Parson,* 704 N.Y.S.2d at 9. Thus, if Garcia possessed potential alibi evidence, Parson must have been aware of it long before the date Parson's counsel asserts he served the alibi notice on the prosecutor, July 3, 1996[2] —two weeks before trial, and the date when Parson's counsel asserts he first found out about Garcia as a prospective alibi witness. Parson's counsel never made a proffer of her testimony during various discussions of the issue with the trial court between July 16 and July 22, 1996. Apparently, when the prosecutor reported to the court that she had repeatedly tried to reach Garcia by telephone at work without success, defense counsel did not turn over to the prosecutor until July 22, the day before the trial ended, a home telephone number he had for Garcia. Though Parson ascribes error to the trial court's allegedly inadequate inquiry into the willfulness of counsel's failure to give notice of alibi, on the record before it this Court finds these circumstances as presented sufficient to support the trial court's ruling, even under a standard requiring a finding of willfulness or desire for tactical advantage on the part of defendant's counsel. *See Noble v. Kelly,* 246 F.3d 93, 99–100 (2d Cir.2001); *cf. Watley v. Williams,* 218 F.3d 1156, 1157–58 (10th Cir.2000), *cert. denied,* 531 U.S. 1089, 121 S.Ct. 809, 148 L.Ed.2d 695 (2001).

Parson has presented nothing to satisfy the more rigorous test of showing that he is actually innocent and that the trial court's preclusion of his alibi defense thus constituted a fundamental miscarriage of justice. He has offered no new reliable evidence not presented at trial that would render it more likely than not that no reasonable jury would have found him guilty beyond a reasonable doubt. *See Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Lucidore v. N.Y.S. Div. of Parole,* 209 F.3d 107, 114

---

**2.** The prosecutor asserted that she did not become aware of Parson's request to use Garcia as an alibi until a conference on July 16, 1996, the day before the trial was to commence. On that occasion, the trial court ruled that Parson could introduce another alibi witness, William Dew ("Dew") (referred to by Parson as "Drew"), although the prosecutor asserted she had not been served an alibi notice regarding Dew until one month before. The following day, the prosecutor renewed her objection as to Garcia and the trial court reaffirmed its prior ruling. Dew later decided not to testify when he developed what defense counsel characterized as "amnesia-like symptoms as to his testimony." (Trial Transcript ("Tr.") 3 at 672–73.)

(2d Cir.2000), *cert denied,* 531 U.S. 873, 121 S.Ct. 175, 148 L.Ed.2d 120 (2000). In fact, the trial record contains more than enough reliable evidence, especially the unequivocal identification of Parson by the victims and the circumstances relating to his arrest soon after the second robbery, to support a rational finding of guilt beyond a reasonable doubt.

## B. *INEFFECTIVE ASSISTANCE OF COUNSEL*

A claim of ineffective assistance of counsel is evaluated under the standards enunciated by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This twofold consideration requires a demonstration that: (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.*

Here, the Appellate Division considered and rejected Parson's claim, which specifically found that Parson "received meaningful representation." *Parson,* 704 N.Y.S.2d at 9. Under 28 U.S.C. § 2254(d), therefore, this Court's review is limited to a ruling as to whether the Appellate Division's decision was (1) contrary to or involved an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See Bell v. Cone,* 535 U.S. 685, 693–94, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Williams v. Taylor,* 529 U.S. 362, 404–05, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

As specific instances of counsel's ineffectiveness, Parson cites his lawyer's failure to object to a comment by the trial court to the jury panel prior to *voir dire* [3] and to alleged bolstering testimony given by two police officers relating to the identification of Parson by one of the victims at the time of Parson's arrest.

■ Parson's assertion of prejudice with respect to the trial court's statement is based on a reading of an isolated statement out of context. Placing the remark in proper perspective makes clear that the trial court was cautioning the prospective jurors to pay close attention to the evidence, particularly cross-examination. The statement followed the court's having amply and properly reminded the panel of defendant's presumption of innocence and the government's burden to prove guilt beyond a reasonable doubt. (Tr. 2 at 31.)

■ With regard to the alleged bolstering testimony, even if its admission into evidence was improper, counsel's failure to object would not have altered the outcome of the trial because the victims had already testified and had unequivocally identified Parson in court as the robber. The jury could reasonably have relied on that identification alone as a basis for a finding of guilt.

In examining Parson's petition in light of the record and pertinent legal principles regarding habeas review, the Court finds no sufficient basis for granting Parson relief on any of the other grounds he asserts. In this regard, as in connection with its consideration of Parson's other claims, the Court supplements its findings, insofar as applicable, by the legal principles and authorities relied upon by Magistrate Judge Eaton in recommending denial of the peti-

---

**3.** The trial court remarked to the panel of prospective jurors: "Two things will not happen in this case. No people will rush up here at the appropriate time, stand here and say, 'Judge, stop the proceedings. We are the people who robbed the cab drivers.' That happens on Perry Mason. Do not expect it." (Tr. 2 at 39.)

tion. The Court regards these authorities as sufficiently controlling to dispose of each of Parson's claims.

## ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Court's Order herein dated April 25, 2003 is amended to incorporate the discussion set forth above; and it is further

**ORDERED** that Jerry E. Parson's petition for writ of habeas corpus pursuant 28 U.S.C. § 2254 is DENIED.

The Clerk is directed to close this case.

Because Parson has not made a "substantial showing of the denial of a constitutional rights," this Court will not grant a certificate of appealability. *See Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 111–12 (2d Cir.), *cert. denied,* 531 U.S. 873, 121 S.Ct. 175, 148 L.Ed.2d 120 (2000) (citing 28 U.S.C. § 2253(c)(3)).

**SO ORDERED.**