■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLF BROWN, Appellant. [761 NYS2d 630] —Judgment, Supreme Court, New York County (Joan Sudolnik, J., at hearing; John Stackhouse, J., at jury trial and sentence), rendered May 15, 2000, convicting defendant of burglary in the second degree, criminal mischief in the third degree and resisting arrest, and sentencing him, as a persistent felony offender, to concurrent terms of 15 years to life, 2 to 4 years and 1 year, respectively, unanimously affirmed.

The court properly concluded, from the totality of the circumstances, that there was an independent source for the victim's identification of defendant (*see Manson v Brathwaite*, 432 US 98 [1977]; *People v Brown*, 34 NY2d 879 [1974]; *People v Williams*, 222 AD2d 149 [1996], *lv denied* 88 NY2d 1072 [1996]). The record establishes that the witness had a prior familiarity with defendant and had a suitable opportunity to view him during the crime.

The court properly exercised its discretion in precluding defendant from calling an alibi witness, since his alibi notice was grossly untimely (*see* CPL 250.20). Since defendant never asserted a constitutional right to call the witness notwithstanding the statutory violation, his claim that the court's refusal to

excuse late alibi notice deprived him of his constitutional rights to present a defense and to due process is unpreserved (*People v Angelo*, 88 NY2d 217, 222 [1996]; *People v Walker*, 294 AD2d 218 [2002], *lv denied* 98 NY2d 772 [2002]), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. While the court was not alerted to defendant's constitutional claims and thus had no occasion to make a finding of wilfulness or bad faith, the record supports the conclusion that defendant's failure to provide alibi notice was wilful and designed to gain a strategic advantage (*see Taylor v Illinois*, 484 US 400, 414-415 [1988]; *Williams v Florida*, 399 US 78, 81-82 [1970]; *People v Walker*, 294 AD2d at 219). Denial of permission to file late notice was therefore proper (*see Noble v Kelly*, 246 F3d 93 [2001], *cert denied* 534 US 886 [2001]). In any event, the proposed alibi testimony had very little probative value under the fact pattern presented and there was no reasonable possibility that it would have affected the verdict. For the same reason, even if we were to find that trial counsel's failure to file a timely alibi notice was neglectful rather than strategic, we would still find that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]).

Evidence regarding the pursuit and arrest of defendant by police officers, during which an officer was injured, was properly admitted since it was inextricably interwoven with the events leading to defendant's arrest, was necessary to complete the narrative and was not unduly prejudicial (*see People v Till*, 87 NY2d 835, 836 [1995]).

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender requires preservation (*People v Rosen*, 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would reject it (*People v Rosen, supra; see also Almendarez-Torres v United States*, 523 US 224 [1998]).

Sentencing defendant as a persistent felony offender was a proper exercise of discretion. Defendant's claim that the procedural requirements of CPL 400.20 were not followed similarly requires preservation (*People v Proctor*, 79 NY2d 992, 994 [1992]) and we decline to review defendant's unpreserved claim in the interest of justice. Were we to review this claim, we would find that there was sufficient compliance with the procedural requirements (*see People v Banks*, 265 AD2d 163

[1999], *lv denied* 94 NY2d 819 [1999]). Concur—Nardelli, J.P., Andrias, Sullivan, Rosenberger and Wallach,* JJ.