■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SULAYMAN BATCHILLY, Appellant. [821 NYS2d 597]—

Judgment, Supreme Court, Bronx County (Megan Tallmer, J.), rendered December 20, 2002, convicting defendant, after a jury trial, of sexual abuse in the first degree and unlawful imprisonment in the second degree, and sentencing him to concurrent terms of six years and one year, respectively, unanimously affirmed.

The court properly exercised its discretion in precluding proposed alibi testimony for failure to comply with the notice requirement of CPL 250.20 (1) where, late in the trial, defense counsel first requested permission to file an alibi notice. The record supports the court's express findings that the alibi was a recent fabrication and that the failure to provide timely notice was the product of willful conduct by defendant, personally, that was motivated by his desire to obtain a tactical advantage (*see Taylor v Illinois*, 484 US 400, 414-415 [1988]; *Noble v Kelly*, 246

F3d 93 [2d Cir 2001], *cert denied* 534 US 886 [2001]; *People v Walker*, 294 AD2d 218 [2002], *lv denied* 98 NY2d 772 [2002]). Defendant could have provided timely alibi notice long before the trial since he would have known from the time of his arrest whether he was with anyone at the time of the crime (*see People v Walker*, 294 AD2d at 219). Although defendant referred to the proposed witness in his statement to the police, he provided no time frame for the relevant events, and we find unpersuasive defendant's present argument that a potential alibi could be discerned from geographical aspects of the statement. We note that, at his arraignment, his then-attorney mentioned various witnesses who would support defendant, but never referred to this witness. Even though defendant and the witness had been friends and coworkers from the beginning of the case, she was a late addition to defendant's witness list because he only informed counsel about her the day before jury selection began. At that point, he still never told counsel that she would provide an alibi. Since defendant knew from the inception of the case whether she was a witness at the time of the crime, the record indicates that her proposed testimony was a product of recent fabrication.

Moreover, regardless of whether the People needed to demonstrate prejudice, the record establishes that they would have been prejudiced. Even if witnesses from the restaurant where defendant met the proposed witness could have been located, their recollection of the precise time defendant arrived there a year earlier would be have been unlikely (*see Wade v Herbert*, 391 F3d 135, 144-145 [2d Cir 2004]; *People v Parson*, 268 AD2d 208 [2000], *lv denied* 95 NY2d 837 [2000]). Accordingly, it would have been futile for the court to have granted the People an adjournment as an alternative to preclusion (*see* CPL 250.20 [3]).

In any event, were we to find that the court erred in precluding the alibi testimony, we would find the error to be harmless. The proposed alibi was undermined by documentary evidence concerning the victim's movements at the time in question, and there is no reasonable possibility that the alibi testimony would have affected the verdict.

Similarly, to the extent the record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel could have reasonably relied on his client to inform him that he had an alibi. Even if we were to conclude that, with the information available concerning the witness in question, a

reasonably competent attorney would have contacted her earlier, we would find that any such omission did not deprive defendant of a fair trial or cause him any prejudice (*see People v Caban*, 5 NY3d 143, 155-156 [2005]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]; *compare People v Turner*, 5 NY3d 476 [2005]), particularly in light of the weakness of the alibi, as previously noted.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Saxe, Friedman, Catterson and McGuire, JJ.