■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELMER ORTIZ, Appellant. [837 NYS2d 113]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J., at hearing; Edward J. McLaughlin, J., at jury trial and sentence), rendered September 7, 2004, convicting defendant of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, and sentencing him, as a second felony offender, to consecutive terms of 15 years and 3½ to 7 years, respectively, unanimously affirmed.

The court properly exercised its discretion in precluding alibi testimony for failure to comply with the notice requirement of CPL 250.20 (1), where counsel first sought leave to file an alibi notice on the eve of trial, without a showing of good cause. Contrary to defendant's argument, the preclusion sanction con-

tained in CPL 250.20 (3) was clearly applicable. The remedy of preclusion was also permissible under the federal standard (*see Taylor v Illinois*, 484 US 400, 414-415 [1988]; *Noble v Kelly*, 246 F3d 93, 98-100 [2d Cir 2001], *cert denied* 534 US 886 [2001]). The record supports the court's findings, made after a hearing, that the alibi was a product of fabrication and that the failure to provide timely notice was the product of willful conduct by defendant, his family and defense counsel (*see People v Batchilly*, 33 AD3d 360 [2006], *lv denied* 7 NY3d 900 [2006]; *People v Walker*, 294 AD2d 218, 219 [2002], *lv denied* 98 NY2d 772 [2002]). We reject defendant's argument that the court based its decision on its finding that the proposed alibi testimony, itself, was unworthy of belief, thereby acting as a gatekeeper and usurping the jury's function. Instead, the court's ruling was based on the circumstances surrounding the late notice, and any credibility assessments it made were in that context.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]).

Regardless of whether the court erred in admitting the alleged hearsay testimony, any error would have been harmless because the testimony was relevant only to the charges on which the jury failed to reach a verdict and not to those on which it convicted defendant, which were fully supported by witness testimony (*see People v Crimmins*, 36 NY2d 230 [1975]).

We perceive no basis for reducing defendant's sentence. There is no merit to defendant's argument that the court misunderstood the applicable range of sentences. Concur—Tom, J.P., Mazzarelli, Andrias, Williams and McGuire, JJ.