■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO VALDEZ, Appellant. [916 NYS2d 602]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered July 10, 2007, convicting defendant, after a jury trial, of burglary in the first degree and assault in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 15 years and seven years, respectively, unanimously affirmed.

The court properly precluded defendant from introducing the testimony of his three alibi witnesses, who were his family members and with whom he resided. Defendant offered his notice of alibi on the day of jury selection, without any showing of good cause for the delay (see e.g. People v Ortiz, 41 AD3d 114 [2007], lv denied 9 NY3d 879 [2007]; People v Parson, 268 AD2d 208, 208-209 [2000], lv denied 95 NY2d 837 [2000]).

We conclude that the failure to provide timely notice was the product of willful conduct by defendant that was motivated by

his desire to obtain a tactical advantage (*see Taylor v Illinois*, 484 US 400, 414-415 [1988]; *Noble v Kelly*, 246 F3d 93 [2d Cir 2001], *cert denied* 534 US 886 [2001]; *People v Walker*, 294 AD2d 218 [2002], *lv denied* 98 NY2d 772 [2002]). The circumstances indicate that the belated alibi notice was a delaying tactic, especially since it came only after the court had rejected another last-minute attempt by defendant to delay the trial. Furthermore, the court gave defendant an ample opportunity to explain the circumstances of the belated notice.

Contrary to defendant's arguments, we also conclude that if the court had accepted the untimely alibi notice, the People would have needed a substantial adjournment of the trial, rather than conducting a midtrial investigation. Moreover, even with such a delay the People would still have been prejudiced because the passage of time was likely to have made the investigation difficult or futile (*see Wade v Herbert*, 391 F3d 135, 144-145 [2d Cir 2004]; *Parson*, 268 AD2d at 209).

Defendant claims that the People were on notice of a possible alibi defense from the inception of the case because his prior defense counsel had mentioned, during arraignment in Criminal Court, that defendant's brother would be a potential alibi witness. However, counsel had also stated that the brother had said he was asleep at the time the crime occurred. As defendant did not further pursue the matter, the People had no reason to believe that his brother would be a witness (*see Wade*, 391 F3d at 144). Moreover, they had no notice of the other proposed witnesses.

The fact that prior counsel had already investigated an alibi defense and evidently found it unavailing also lends support to our finding that defendant was willfully attempting to delay the trial by reviving the alibi issue at the last minute. Concur— Tom, J.P., Sweeny, Acosta, Renwick and Manzanet-Daniels, JJ.