■ The People of the State of New York, Respondent, v Rafael Moreno, Appellant. [30 NYS3d 97]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered May 7, 2013, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously affirmed.

The court correctly determined that testimony offered by defendant constituted alibi testimony, and providently exercised its discretion in precluding it for failure to comply with the notice requirement of CPL 250.20 (1). The People's theory was that defendant was on a fire escape, entered an apartment through a window, exited back onto the fire escape, and ran out of an alleyway down the street. Defendant's proposed witness would testify that defendant was never on the fire escape, and that at the time, defendant was nearby on the street smoking marijuana, i.e., that "at the time of the commission of the crime charged he was at some place . . . other than the scene of the crime" (id.).

Moreover, since defense counsel first advised the court and the People of the alibi testimony during trial, after the People rested, without any showing of good cause for the delay, the court properly exercised its discretion in precluding that testimony (see e.g. People v Ortiz, 41 AD3d 114 [1st Dept 2007], lv denied 9 NY3d 879 [2007]). The record suggests that one of defendant's relatives belatedly told defense counsel about the potential witness, and we find that the "emergence of the alibi witness at the eleventh hour indicated that her proposed testimony was a product of recent fabrication . . . and war-

rants a finding of willful conduct on the part of defendant, personally" (*People v Walker*, 294 AD2d 218, 219 [1st Dept 2002], *lv denied* 98 NY2d 772 [2002]; *see also People v Batchilly*, 33 AD3d 360, 360-361 [1st Dept 2006], *lv denied* 7 NY3d 900 [2006]). The court's determination met the constitutional standards for alibi preclusion (*see Taylor v Illinois*, 484 US 400, 414-417 [1988]; *Noble v Kelly*, 246 F3d 93, 99 [2d Cir 2001], *cert denied* 534 US 886 [2001]). In any event, any error in excluding the testimony was harmless (*see e.g. People v Brown*, 306 AD2d 12, 13 [1st Dept 2003], *lv denied* 100 NY2d 592 [2003]).

Defendant's challenges to the jury charge are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Tom, J.P., Renwick, Richter, Kapnick and Webber, JJ.