■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JENARO ORTIZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered July 14, 1986, convicting him of rape in the first degree (nine counts), and sexual abuse in the first degree (nine counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the trial court's receipt of certain

rebuttal testimony constituted reversible error. We find the People's rebuttal evidence to have been proper.

The 10-year-old victim testified on the People's direct case that she was repeatedly raped by her stepfather, the defendant, during her visits at his apartment on alternate weekends between November 1984 and August 1985. The defendant then testified that the victim had been to the apartment only three times and had spent the night on only one occasion, and his testimony was corroborated by the testimony of his female roommate. The rebuttal evidence objected to by the defendant consisted of the testimony of the victim's mother to the effect that the infant victim visited her stepfather, the defendant, at his apartment on alternate weekends with the exception of three weeks when the defendant was hospitalized. This testimony was offered to contradict the factual allegation offered by the defense that the victim did not visit the defendant's apartment when the crimes were alleged to have occurred. The rules concerning the proper scope of rebuttal evidence are clear. "The party holding the affirmative of an issue must present all evidence concerning it before he closes his case. Thereafter, that party may introduce evidence in rebuttal only. 'Rebutting evidence in such cases means, not merely evidence which contradicts the witnesses on the opposite side and corroborates those of the party who began, but evidence in denial of some affirmative fact which the answering party has endeavored to prove' " *(People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047, quoting *Marshall v Davies,* 78 NY 414, 420). In the instant case, the testimony of the victim's mother on rebuttal was properly introduced to deny an affirmative fact which the defendant had endeavored to prove in addition to corroborating the evidence presented by the People on their direct case.

Since the evidence offered in rebuttal was directly relevant to the contested issue of opportunity, it could not be excluded as merely collateral *(see, People v Strawder,* 106 AD2d 672; *People v Fontaine,* 105 AD2d 710). Moreover, assuming, arguendo, that the challenged testimony was not technically of a rebuttal nature, it was crucial to the contested issue of the defendant's opportunity to commit the crime charged and could, therefore, be properly admitted in the interests of justice *(see, People v Medina,* 130 AD2d 515; CPL 260.30 [7]).

Finally, the People were not required to provide notice to the defendant that the victim's mother would testify in rebuttal. The reciprocal alibi notice provision of CPL 250.20 (2) mandates that the People provide the defendant with a list of

rebuttal witnesses only if they are to be offered "in rebuttal to discredit the defendant's alibi". An alibi defense is defined as "a trial defense that at the time of the commission of the crime charged [the defendant] was at some place or places other than the scene of the crime" (CPL 250.20 [1]). Inasmuch as an alibi defense was not presented for the People to rebut, the victim's mother was not an alibi rebuttal witness and the reciprocal alibi notice provision is inapplicable. Lawrence, J. P., Weinstein, Kooper and Sullivan, JJ., concur.