■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RODRIGUEZ, Also Known as DANNY VIRUET, Appellant. —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered April 29, 1988, convicting defendant, after a jury trial, of two counts of robbery in the second degree and sentencing him to concurrent terms of imprisonment of from 5 to 10 years, unanimously affirmed.

We find defendant's claim that he was denied a fair trial because the prosecutor, in his summation, improperly shifted the burden of proof, attacked the defendant's credibility, vouched for the People's witnesses and played upon the jury's sympathies and fear of crime, to be unpreserved for the most part *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818) and, in any event, without merit.

At trial, defendant objected to only one of the several remarks of the prosecutor which he now claims were improper. Defendant took exception when the prosecutor began "testifying" that he thought there were photographs of the coat defendant had allegedly taken from complainant. The prosecutor immediately and appropriately explained to the jury that the issue of whether there was evidence of the jacket in court was actually a "red herring". Indeed, this segment of the prosecutor's summation was a fair response to defense counsel's apparent suggestion that complainant may have exchanged the coat which was returned to him after defendant's arrest for drugs. In any event, even if these comments were improper, any error in this regard was harmless since the jacket's evidentiary value was insignificant, if not irrelevant, and the evidence of the defendant's guilt was overwhelming *(see, People v Crimmins,* 36 NY2d 230).

The prosecutor's comments to the effect that complainant and the arresting officer had no motive to lie did not constitute vouching nor shift the burden of proof to the defendant. Rather, these comments were a fair response to those of defense counsel who characterized complainant's testimony as, *inter alia,* a "concocted story" and a "fabrication" *(see, People v Marks,* 6 NY2d 67, 77-78, *cert denied* 362 US 912). Moreover, the record clearly indicates that the prosecutor's remarks were not an expression of opinion *(cf., People v Lovello,* 1 NY2d 436), but rather, a proper argument based on the evidence. We also find that the prosecutor was not appealing to juror sympathy by suggesting that the jury put themselves in complainant's shoes. Considering defense counsel's attack upon the credibility of complainant, the prosecutor's suggestion properly permitted the jury to consider whether complainant's actions were reasonable and plausible under the circumstances. Concur—Sullivan, J. P., Rosenberger, Asch, Ellerin and Smith, JJ.