■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCO NUNEZ, Appellant.—Judgment, Supreme Court, Bronx County (Fred W. Eggert, J., at Wade/Huntley and Sandoval hearings, jury trial and sentence), rendered April 13, 1988, which convicted defendant of three counts of robbery in the first degree (Penal Law § 160.15 [3]) and sentenced him, as a second felony offender, to three concurrent indeterminate terms of imprisonment of from 10 to 20 years, unanimously affirmed.

Defendant's claims that the prosecutor elicited hearsay testimony, bolstered the complainant's identification of defendant and that the prosecutor's summation improperly shifted the burden of proof and played upon the jury's sympathies were largely unpreserved for review. (CPL 470.05 [2]; *People v Rodriguez,* 159 AD2d 356; *People v Nuccie,* 57 NY2d 818.) However, even if this court were to exercise its interest of justice jurisdiction, it would find the claim meritless. We have previously found that bolstering by a police officer in and of itself rarely constitutes reversible error except where there is danger that the jury will take the police officer's testimony as a substitute for identification or if undue prominence is given to the bolstering testimony. *(People v Middleton,* 159 AD2d 350.) No such showing has been made in the instant case and, in fact, one of the complainants in fact knew defendant, as defendant corroborated in a statement made at the precinct, which was admitted into evidence. Moreover, any such error would be deemed harmless in view of the overwhelming evidence of defendant's guilt, arising not only out of the identification, but also defendant's confession in connection with the robberies. *(People v Crimmins,* 36 NY2d 230.)

Furthermore, the unpreserved claim that the prosecutor's summation shifted to defendant the burden of proof, although only tangentially responsive to defense counsel's summation, was harmless in view of the evidence of defendant's guilt. *(Supra.)* The last unpreserved claim, that the prosecutor appealed to the sympathy of the jury, is based upon statements which merely reflected evidence adduced at trial. *(People v Rodriguez, supra.)* Concur—Kupferman, J. P., Sullivan, Carro, Ellerin and Smith, JJ.