■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAHARSEY HARRISON, Appellant.—Judgment, Supreme Court, Bronx County (William C. Donnino, J., at jury trial and sentence) rendered November 8, 1989, convicting defendant of attempted murder in the second degree, and sentencing him to 5½ to 16½ years imprisonment, unanimously affirmed.

Defendant and co-defendant Johnny McClain were jointly charged, under a multiple indictment, with independently shooting at an acquaintance on the evening of August 21, 1988.

Defendant's claim of a repugnant verdict, on the grounds of his co-defendant's acquittal of attempted murder in the second degree but conviction of attempted assault in the first degree,

is both unpreserved for appellate review by appropriate and timely objection (see, People v Satloff, 56 NY2d 745) and meritless. Evidence at trial indicated that defendant and his co-defendant each shot at the victim independently. However, only defendant was heard to threaten the victim's life just hours prior to his appearance at the victim's doorstep with an automatic handgun that two eyewitnesses saw defendant discharge twice in the direction of the victim, after his co-defendant had left the scene. Additionally, the trial court's charge to the jury explicitly instructed them to render a separate verdict with regard to each defendant, to disregard evidence applicable solely to the other defendant, and to consider separately the state of mind of each defendant in connection with each crime charged. Thus, reviewing defendant's repugnancy claim, as this court must, solely on the basis of the jury charge, we perceive no inherent contradiction in the separate verdicts rendered (see, e.g., People v Green, 71 NY2d 1006).

Likewise without merit is defendant's claim that the trial court erred in denying a continuance requested by defense counsel for the purpose of consultation with defendant regarding defendant's alleged threat to the life of the victim. The trial court did not abuse its discretion in denying the continuance with leave to renew the application, if defense counsel deemed it necessary, after introduction of evidence regarding the alleged threat (the application was not renewed), and then allowing a short recess for consultation purposes (see, e.g., People v Singleton, 41 NY2d 402).

Defendant's claims of prosecutorial misconduct are unpreserved by appropriate objection (CPL 470.05) and in any event are without merit in the circumstances. The prosecutor properly cross-examined a defense witness, who testified that he was a seven-year friend and neighbor of defendant, knew of the charges against defendant and had reason to recognize that he possessed exculpatory information, as to why that witness did not come forward to the authorities with the exculpatory information before trial, at a time when it would be natural to do so (see, People v Dawson, 50 NY2d 311).

Defendant's claim that the testimony of the arresting officer, indicating that he arrested defendant after interviewing the People's two main witnesses, constituted improper and prejudicial bolstering is meritless in the circumstances. Here, the People presented two eyewitnesses to the shooting, who were long-time acquaintances of defendant, as well as spent shells recovered from the scene, and thus there is no likelihood that the jury might have substituted the officer's brief

testimony for the extensive testimony of the eyewitnesses, or that it in any way contributed to the verdict *(see, People v Nunez,* 162 AD2d 298, *lv denied* 76 NY2d 862).

Although the prosecutor made a slight misstatement during summation regarding the sequence of events, he corrected the misstatement immediately, and thereafter directed his summation to fair comment on the evidence *(see, e.g., People v Fielding,* 158 NY 542) and appropriate response to the defense summation *(see, e.g., People v Marks,* 6 NY2d 67, *cert denied* 362 US 912).

A review of the record indicates that defense counsel's voiced objections to various questions and comments of the prosecutor now claimed as error on appeal, were sustained by the trial court, with appropriate curative instructions to the jury. As defense counsel did not register further objection, the issues are unpreserved for appellate review *(see,* CPL 470.05; *see also, People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914).

Finally, we perceive no abuse of discretion by the trial court in imposing the sentence herein. *(See, e.g., People v Junco,* 43 AD2d 266, *affd* 35 NY2d 419, *cert denied* 421 US 951.) Concur —Sullivan, J. P., Carro, Milonas and Kupferman, JJ.