■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY McCLAIN, Appellant.—Judgments, Supreme Court, Bronx County (William C. Donnino, J., at jury trial and plea) rendered November 29, 1989, convicting defendant, respectively, after jury trial of attempted assault in the first degree and upon plea of guilty in connection with an unrelated case,

of burglary in the first degree (the plea conviction covering a violation of probation charge) and sentencing him to consecutive terms of imprisonment of 2 to 6 years, unanimously affirmed.

Defendant's conviction after jury trial arises out of an incident that occurred on August 21, 1988, during which defendant and a co-defendant each fired two bullets at (but missed) the victim, who died of an unrelated cause prior to trial.

Defendant's claim that he was deprived of a fair trial and of his right to confrontation, on the ground that the arresting officer testified that he spoke with the victim before arresting defendant, is meritless.

Initially, it is noted that the confrontation clause is not implicated in this case as no statement by the victim was introduced at trial. Rather, the arresting officer's testimony at trial was merely that he arrested defendant after interviewing two eyewitnesses and the victim, and conducting further investigation. Furthermore, the People presented the two eyewitnesses to the shooting, who were long-term acquaintances of defendant and unequivocally identified defendant as one of the shooters, as well as corresponding spent shells recovered from the scene. Thus, even on an "implied bolstering" theory, there is no likelihood that the jury might have substituted the officer's brief testimony for that of the eyewitnesses, or that it in any way contributed to the verdict (see, People v Nunez, 162 AD2d 298, lv denied 76 NY2d 862).

Defendant appeals from the plea conviction in addition to the jury conviction. He offers no argument questioning the sufficiency or validity of the plea. Defendant acknowledges that the plea was validly entered, and that defendant received the minimum sentence permissible thereon. Since the conviction after trial is being affirmed and there is no independent challenge to the plea conviction, it too must be affirmed. Concur—Murphy, P. J., Rosenberger, Ellerin, Ross and Rubin, JJ.