■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VASQUEZ, Appellant.—Judgment, Supreme Court, Bronx County (Irene J. Duffy, J.), rendered November 20, 1990, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first degree, and sentencing him to concurrent prison terms of 25 years to life, unanimously modified, on the law, to the extent of vacating the sentence imposed on the robbery count and remanding for resentencing, and otherwise affirmed.

The trial court properly permitted amendment of the indictment to include the omitted charge of felony murder (CPL 200.70). Upon inspecting the grand jury minutes, the trial court found that the People clearly presented evidence to support a charge of felony murder and provided an instruction on that crime. The prior unfiled indictment dated September 29, 1988, which was signed by the grand jury foreperson, clearly lists felony murder as one of the counts voted. While the grand jury log of the reopened proceedings indicates that a substitution was made for one of the robbery counts, no action was taken on the murder counts. Thus, the absence of the felony murder count in the indictment dated October 6, 1988 resulted from inadvertence (see, People v Murray, 92 AD2d 617). Moreover, no prejudice resulted from the amendment of the indictment because defendant was on notice since the filing of the felony complaint that he was being charged with shooting the deceased during the course of a robbery.

The trial court properly allowed the testimony of the People's rebuttal witness. Under CPL 250.20 (3), (4), a trial court, in its discretion, may receive the testimony of a witness rebutting an alibi witness even if the People failed to serve notice of their intent to call the rebuttal witness. Two defense witnesses testified that defendant was near their home fixing an automobile at the time of the robbery and murder. Since those witnesses stressed that they remember seeing defendant on the afternoon in question because they were on their way to make a telephone call about an appointment that day with a psychiatrist, any testimony by the psychiatrist indicating that no such appointment existed would directly contradict their alibi testimony. Since the contradiction "goes to a material, core issue in the case—defendant's whereabouts at the time of the crime" (People v Cade, 73 NY2d 904, 905), the trial court properly permitted the testimony of the psychiatrist to rebut their alibi testimony.

However, in imposing the prison term of 25 years to life on the first degree robbery count, the trial court failed to sen-

tence defendant as provided by law. The trial court apparently utilized Penal Law § 70.10, which would allow the 25 years to life sentence on the robbery count for a defendant adjudicated a persistent felony offender. However, there is no indication that the sentencing court followed the procedures under CPL 400.20 for imposing a persistent felony offender sentence. While defendant never raised an objection at sentencing, "the 'essential nature' of the right to be sentenced as provided by law, though not formally raised at the trial level, preserves a departure therefrom for [appellate] review" *(People v Fuller,* 57 NY2d 152, 156). The matter should be remanded to the trial court to enable it to sentence defendant in accordance with the law. Concur—Murphy, P. J., Carro, Rosenberger, Ross and Asch, JJ.