■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH KIRKLAND, Appellant. [605 NYS2d 27] —Judgment, Supreme Court, Bronx County (Fred Eggert, J.), rendered March 7, 1991, convicting defendant, after jury trial, of criminal possession of stolen property in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The presence of neither defendant nor counsel was required at sidebar discussions where the trial court posed questions to unsworn prospective jurors relating solely to the qualifications, in a general sense, of those individuals to sit as jurors, matters which are solely for the court *(People v Sloan,* 79 NY2d 386, 390).

Defendant failed to preserve his claim of *Sandoval* error by appropriate and timely objection *(People v Johnson,* 169 AD2d 553, *lv denied* 78 NY2d 968). In any event, the trial court appropriately exercised its discretion in balancing the probative nature against the prejudicial nature of defendant's numerous prior convictions, by limiting cross-examination of defendant, in the event he testified, to the fact and nature of one robbery conviction for which defendant was sentenced to a term of 7½ to 15 years, and the fact only of a concurrent felony conviction *(People v Sandoval,* 34 NY2d 371).

Defendant's claim that the prosecutor's cross-examination of

a witness for defendant who had been arrested with defendant was intended not to impeach that witness' testimony, but to improperly utilize defendant's post-arrest silence, is both unpreserved by appropriate and timely objection (CPL 470.05) and unsupported by the record. It is unlikely that the jury considered the impeachment evidence as improper comment on defendant's post-arrest silence, and if such evidence peripherally touched upon the issue, any prejudice to defendant was rendered harmless in light of the overwhelming evidence of defendant's guilt of the crime charged *(People v Crimmins,* 36 NY2d 230).

Defendant failed to enter timely objection to any of the comments of the prosecutor during summation, and the trial court appropriately denied defendant's belated motion for a mistrial based upon certain of the prosecutor's summation comments. While the prosecutor's comments suggesting that the jurors consider themselves "guardians of the community" were improper *(see, People v Miller,* 149 AD2d 439), as was the prosecutor's suggestion that the jurors "Do the right thing" *(People v Jorge,* 171 AD2d 498), the balance of the prosecutor's summation constituted appropriate response to the defense summation *(People v Marks,* 6 NY2d 67, *cert denied* 362 US 912), and fair comment on the evidence presented within the broad bounds of rhetorical comment permissible in closing argument *(People v Galloway,* 54 NY2d 396). Thus, as a whole the effects of the prosecutor's remarks did not deprive defendant of a fair trial, and in light of the overwhelming evidence of defendant's guilt of the crime charged, any error is rendered harmless *(People v Crimmins, supra).*

We have considered defendant's additional claims of error and find they do not warrant any modification of the judgment appealed. Concur—Ellerin, J. P., Wallach, Kupferman and Rubin, JJ.