■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN WEST, Appellant. [621 NYS2d 12] —Judgment, Supreme Court, Bronx County (Fred Eggert, J.), rendered August 13, 1991, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, to run consecutively with a sentence of 2 to 4 years under an unrelated New York County conviction for grand larceny in the fourth degree, unanimously affirmed.

After he had been threatened the previous night, the complaining witness failed to identify the defendant in court. The trial court interrupted the direct examination of the complainant to apprise him of the penalties of perjury and allow him to silently review his Grand Jury testimony in order to refresh his recollection. This action by the court was never objected to at the trial, and any alleged error was consequently waived as a matter of law (CPL 470.05 [2]; *see also, People v Charleston*, 56 NY2d 886, 887). In any event, the court never exceeded appropriate bounds and intervened sim-

ply to clarify an issue and elicit significant facts, in a manner that did not prejudice defendant.

In addition, the trial court properly questioned three jurors during a preliminary screening of jurors to determine whether their family obligations hindered them from effectively serving on the jury. "The presence of neither defendant nor counsel was required at sidebar discussions where the trial court posed questions to unsworn prospective jurors relating solely to the qualifications, in a general sense, of those individuals to sit as jurors, matters which are solely for the court" *(People v Kirkland,* 199 AD2d 54, *lv denied* 83 NY2d 806).

Finally, even assuming testimony of a correction officer did constitute bolstering, it was insufficient to warrant reversal *(see, People v Nunez,* 162 AD2d 298, *lv denied* 76 NY2d 862). After his initial hesitation, the complainant clearly and strongly identified defendant as his attacker and testified he knew defendant before the attack and before his incarceration. The alleged bolstering testimony was not given undue prominence and there is no risk that the jury took that testimony as a substitute for the eyewitness identification *(supra,* at 299). Concur—Sullivan, J. P., Ellerin, Kupferman and Asch, JJ.