■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY LEMOS, Appellant. [664 NYS2d 87] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered May 1, 1995, convicting him of robbery in the first degree, robbery in the second degree (two counts), criminal possession of stolen property in the fifth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of robbery in the first degree beyond a reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in

the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's challenge to the court's charge on the inference to be drawn from the recent and exclusive possession of stolen property is unpreserved for appellate review because he raised no objection to this portion of the charge at trial (*see,* CPL 470.05 [2]; *People v Karabinas,* 63 NY2d 871). In any event, the court properly instructed the jurors that the defendant's unexplained recent and exclusive constructive possession of a gold chain which had been taken from the complainant during a robbery shortly before his arrest permitted them to infer that the defendant was one of the robbers (*see, People v Baskerville,* 60 NY2d 374; *People v Jackson,* 220 AD2d 772). Furthermore, the court did not err in failing to instruct the jurors that they could alternatively infer that the defendant was guilty only of criminal possession of stolen property, since there was no evidence that the defendant could have received the stolen jewelry after the commission of the robbery (*see, People v Torres,* 231 AD2d 594). Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.