■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON JOHNSON, Also Known as TYRONE GIBBS, Appellant. [730 NYS2d 324] —Judgment, Supreme Court, New York County (George Daniels, J.), rendered October 20, 1998, convicting defendant, after a jury trial, of nine counts of robbery in the first degree, four counts of robbery in the second degree and two

counts of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 50 years, unanimously affirmed.

Defendant has not established a violation of *People v Rosario* (9 NY2d 286). The record does not support defendant's claim that the log book kept by an intake clerk in the police ballistics section contained the recorded statements of the arresting officer, or that such statements, if any, related to the subject matter of his testimony (*see, People v Kronberg*, 243 AD2d 132, 153, *lv denied* 92 NY2d 880; *see also, People v Watkins*, 157 AD2d 301). In any event, even if we were to find that there was a *Rosario* violation, we would find that there was no reasonable possibility that nondisclosure of the log book entry materially contributed to the result of the trial (CPL 240.75).

The People clearly established an overriding security interest that justified the court's use of a screening and identification procedure before allowing individuals to enter the courtroom during two of the complainants' testimony. This partial closure was warranted in light of the threats received by the complainants, allegations of the presence of gang members during the trial and confrontations which had already occurred inside the courtroom (*see, People v Jones*, 96 NY2d 213). We would note that the record fails to indicate that anyone wishing entry was excluded. Defendant has failed to preserve his contentions that without questioning the complainants themselves the court had an insufficient basis upon which to employ the partial closure and that the court's restrictions were overbroad, and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

We perceive no basis for reduction of sentence. Concur—Nardelli, J. P., Williams, Tom, Andrias and Marlow, JJ.