■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON VENTURA, Appellant. [748 NYS2d 16] —Judgments, Supreme Court, New York County (Felice Shea, J., at hearing; Dorothy Cropper, J., at pleas and sentence), rendered January 20, 2000, convicting defendant of attempted criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years, unanimously affirmed.

Defendant was not deprived of a fair suppression hearing by the court's denial of his request for the desk sergeant's log book and the request for analysis for the drugs seized from his

accomplice. While defendant claimed these documents contained *Rosario* material, he did not establish that these documents recorded any statements by the testifying officer that were related to the subject matter of his testimony (*see People v Johnson*, 286 AD2d 641, *lv denied* 97 NY2d 683; *People v Kornberg*, 243 AD2d 132, 153, *lv denied* 92 NY2d 880). The court's questioning of the People's witness merely expedited the hearing and did not unduly prejudice defendant (*see People v West*, 210 AD2d 147, *lv denied* 85 NY2d 944), and it properly exercised its discretion in imposing reasonable limits on cross-examination by precluding matters beyond the scope of the direct testimony and collateral to the subject of the hearing (*see People v Perciballi*, 291 AD2d 360, *lv denied* 98 NY2d 654). Concur—Tom, J.P., Sullivan, Rosenberger, Ellerin and Rubin, JJ.