■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN P. McNAMARA, Appellant. [757 NYS2d 638] —Spain, J. Appeal from a judgment of the County Court of Essex County

(Ryan, J.), rendered May 23, 2000, upon a verdict convicting defendant of the crime of grand larceny in the third degree.

Defendant was charged with grand larceny in the third degree in connection with his failure to return $15,034.69 to Deborah Dunn after she had entrusted the money to him for safekeeping. Upon defendant's request, County Court permitted him to proceed pro se with the assistance of assigned counsel. Defendant thereafter chose to handle some aspects of the trial himself and to have counsel represent him at other points. The jury returned a guilty verdict and County Court sentenced defendant to 90 days in jail, five years' probation and restitution. Defendant appeals, asserting that County Court erred in limiting the scope of his cross-examination of Dunn, that he was deprived of the effective assistance of counsel and that he was prejudiced by a change in the larceny theory advanced by the People at trial.

We affirm. "It is well settled that the scope and extent of cross-examination is within the sound discretion of the trial court and will not be disturbed absent abuse or injustice" (*People v Mothon*, 284 AD2d 568, 570 [2001], *lv denied* 96 NY2d 865 [2001] [citation omitted]; *see People v Sorge*, 301 NY 198, 202 [1950]). A review of the trial transcript reveals no such injustice or abuse of discretion. To the contrary, County Court acted within its discretion in limiting defendant's questioning of Dunn when he strayed too far from the scope of her direct examination—at some points even advising defendant that he could question Dunn on other topics when she testified on direct for the defense—and, in our view, otherwise permitted defendant much leeway with his questions (*see People v Register*, 60 NY2d 270, 273 [1983], *cert denied* 466 US 953 [1984]; *People v Ventura*, 298 AD2d 172, 173 [2002]).

Nor is there merit to defendant's contention that he was deprived of the effective assistance of counsel. The record belies defendant's factual assertions that he was forced to proceed pro se or that the representation afforded him was inadequate. A defendant's right to the effective assistance of counsel is satisfied when " 'the evidence, the law and the circumstances of the case, viewed in their totality and as of the time of representation, reveal that the defendant received meaningful representation' " (*People v Gilliam*, 300 AD2d 701, 701 [2002], quoting *People v Wright*, 297 AD2d 875, 875 [2002]; *see People v Baldi*, 54 NY2d 137, 147 [1981]). Even with the limited role that defendant permitted, assigned counsel made a meaningful contribution to the defense in the form of making pertinent pretrial demands, conducting voir dire of prospective jurors,

cross-examining witnesses, making appropriate motions and objections throughout the trial and delivering a logical summation, not to mention the assistance he provided to defendant in those aspects of the trial which defendant chose to conduct himself. Under the totality of the circumstances presented here, we cannot find that defendant was deprived of the effective assistance of counsel (*see People v Miller*, 295 AD2d 746, 748-749 [2002]; *People v Bourdon*, 258 AD2d 810, 812 [1999], *lv denied* 93 NY2d 897 [1999]).

Finally, defendant contends that the People improperly changed their theory of larceny during the trial. A review of the record establishes no such change in theory. At the close of the People's case, defendant moved to dismiss for failure to prove the elements of larceny by embezzlement. Although at that point the People objected and asserted that they were proceeding under a larceny by false promise theory, after a short recess the People recanted their earlier position and confirmed that they were proceeding under the larceny by embezzlement theory—the same theory assumed by defendant. In any event, it was not error for the People to wait until the close of their case to specify which theory of larceny they were proceeding under (*see* Penal Law § 155.45 [1]; *People v Sala*, 258 AD2d 182, 190 [1999], *affd* 95 NY2d 254 [2000]; *People v Pillich*, 207 AD2d 1004, 1004 [1994], *lv denied* 84 NY2d 938 [1994]; *People v Cannon*, 194 AD2d 496, 498 [1993], *lv denied* 82 NY2d 715 [1993]).

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.