■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MORGAN, Appellant. [852 NYS2d 328]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J.), rendered August 12, 2003, convicting him of burglary in the third degree and criminal mischief in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court correctly struck the testimony of two defense witnesses, as those witnesses, contrary to the defendant's contention, were alibi witnesses. The defendant failed to timely serve a notice of alibi, and did not provide a sufficient reason for the delay (*see* CPL 250.40 [1]; *People v Bonner,* 287 AD2d 728 [2001]; *People v Mensche,* 276 AD2d 834, 836 [2000]; *People v Bernard,* 210 AD2d 419 [1994]).

The blood sample obtained from the defendant was lawfully obtained (*see* CPL 240.40 [2] [v]; *Matter of Abe A.,* 56 NY2d 288, 291 [1982]). The results of DNA testing of blood recovered from the crime scene and the sample of the defendant's blood were properly admitted into evidence (*see People v Wesley,* 83 NY2d 417 [1994]; *People v Grogan,* 28 AD3d 579, 581 [2006]; *People v Hall,* 266 AD2d 160, 160-161 [1999]; *People v Golub,* 196 AD2d 637 [1993]). The prosecution established a sufficient chain of custody of the blood evidence recovered in this case (*see People v Julian,* 41 NY2d 340, 343 [1977]; *People v Isaac,* 40 AD3d 1118 [2007]; *People v Flores-Ossa,* 234 AD2d 315 [1996]).

Under the circumstances of this case, a competency hearing was not required (*see* CPL 730.30 [1]; *People v Gelikkaya,* 84 NY2d 456, 459-460 [1994]; *People v McCawley,* 23 AD3d 1157 [2005]).

Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contentions, raised in point VII of his supplemental pro se brief, regarding the failure of the prosecution to provide the criminal record of a prosecution witness and that witness's exercise of his Fifth Amendment rights, and his contentions regarding the prosecutor's summation and the trial court's charge, raised in point X of his supplemental pro se brief, are unpreserved for appellate review and, in any event, without merit (*see* CPL 470.05 [2]; *People v Nelson,* 40 AD3d 1126, 1127 [2007]; *People v Wright,* 38 AD3d 1232 [2007]; *People v Lemos,* 244 AD2d 429, 430 [1997]). The defendant's remaining contentions, raised in his supplemental pro se brief, to the extent they are reviewable on direct appeal, are without merit. Ritter, J.P., Santucci, Covello and Carni, JJ., concur.