■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YASEEN WAHHAB, Appellant. [922 NYS2d 539]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered April 3, 2008, convicting him of burglary in the third degree and attempted

petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the People's contention, that branch of the defendant's pretrial omnibus motion which was to suppress physical evidence seized from his vehicle should not have been denied, without a hearing, on the ground that the defendant lacked standing to challenge the search of the vehicle. The defendant's motion papers contained "sworn allegations sufficient to raise standing as an issue of fact" (*People v Whitfield*, 81 NY2d 904, 906 [1993]; *see* CPL 710.60 [1]) and, in response, the People did not dispute those allegations (*cf. People v Carter*, 86 NY2d 721, 722-723 [1995]). Although the Supreme Court failed to consider whether the warrant pursuant to which the vehicle was searched was supported by probable cause, this Court "has the authority to make determinations of fact and law where the hearing record is sufficient" (*People v Mitchell*, 290 AD2d 518, 518 [2002]). Upon our review of the record, we conclude that the police had probable cause and the defendant was not entitled to suppression of the evidence seized from the vehicle. Although the defendant's statement to the police admitting that the vehicle was his, recited in the search warrant application, was properly suppressed and must be disregarded, since it was elicited from the defendant without the benefit of *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]), the remaining information contained in the application was sufficient to establish probable cause to believe that the vehicle had been used in connection with the commission of a burglary (*cf. People v Tambe*, 71 NY2d 492, 505 [1988]; *People v Hernandez*, 247 AD2d 912 [1998]).

The defendant's contention that the People improperly introduced and commented on evidence that allegedly had been precluded by the trial court is unpreserved for appellate review and, in any event, without merit.

The Supreme Court providently exercised its discretion in denying the defendant's midtrial request to file a late notice of alibi, as the defendant failed to show good cause for extending the period for service of such notice (*see* CPL 250.20 [1]; *People v Delacruz*, 13 AD3d 642 [2004]).

The defendant's contention that the Supreme Court, upon dismissing a juror for misconduct at the defendant's request, should have conducted a further inquiry of the juror or granted a mistrial is unpreserved for appellate review and, in any event, without merit.

The defendant's contention that he was deprived of the effective assistance of counsel because his trial attorney failed to conduct an adequate investigation, including the timely procurement of alibi witnesses, is based on matter dehors the record, which cannot be reviewed on direct appeal (*see People v Dunbar*, 74 AD3d 1227 [2010]; *People v Holland*, 44 AD3d 874 [2007]). The defendant's additional contentions regarding ineffective assistance of counsel are without merit. Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.