Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J), rendered June 13, 2011, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the Supreme Court erred in permitting the People to present the testimony of two witnesses in rebuttal of his alibi witness, despite the People’s failure to provide notice of the rebuttal witnesses pursuant to CPL 250.20 (2), is unpreserved for appellate review (see CPL 470.05 [2]; People v Paterson, 227 AD2d 348, 349 [1996]). In any event, the contention is without merit. “Under CPL 250.20 (3), (4), a trial court, in its discretion, may receive the testimony of a witness rebutting an alibi witness even if the People failed to serve notice of their intent to call the rebuttal witness” (People v Vasquez, 189 AD2d 578, 578 [1993], affd as mod 83 NY2d 269 [1994]) where, as here, the rebuttal witness’s testimony directly contradicts the alibi testimony and goes to a “ ‘material, core issue in the case — defendant’s whereabouts at the time of the crime’ ” (id. at 578, quoting People v Cade, 73 NY2d 904, 905 [1989]; see People v Brooks, 210 AD2d 800, 802-803 [1994]).
The defendant’s contention that he was deprived of the effective assistance of counsel based on defense counsel’s failure to object to the rebuttal testimony is without merit (see People v Caban, 5 NY3d 143, 152 [2005]). Viewed in totality, defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]). Mastro, J.P, Rivera, Sgroi and Cohen, JJ., concur.