■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOHANCE CREVELLE, Appellant. [3 NYS3d 410]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered May 14, 2012, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of attempted murder in the second degree beyond a reasonable doubt (Penal Law §§ 110.00, 125.25 [1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]).

However, we agree with the defendant that the trial court erred in allowing the prosecution to call alibi rebuttal witnesses despite the prosecutor's failure to provide reciprocal notice, or to show good cause for providing late reciprocal notice as required by CPL 250.20.

Pursuant to CPL 250.20 (1), the defendant served upon the prosecution written "notice of alibi." The prosecution did not serve or file a list of any alibi rebuttal witnesses as required by CPL 250.20 (2). After the defendant's girlfriend testified that he was home with her at the time of the subject shooting, the prosecutor stated her intent to call alibi rebuttal witnesses and requested an adjournment for that purpose. Among other witnesses, the prosecutor sought to call a cell phone company em

ployee who would establish, through the defendant's cell phone records, that the defendant was not at his girlfriend's home as she claimed, but rather, was in the vicinity of the shooting when it occurred. The witness additionally would establish that during the relevant time, calls were placed between the defendant's cell phone and the girlfriend's home phone, thus showing that the two were not together.

When asked by the court why she had not provided the required alibi rebuttal notice, the prosecutor stated, among other things, that she "tactically chose" to not speak with the defendant's girlfriend before trial and she had not been certain she would be able to establish the foundation necessary for the People's rebuttal case. Over the defendant's objection, the court granted the adjournment and allowed the People to call rebuttal witnesses to establish the defendant's whereabouts via his cell phone records (cf. CPL 250.20 [3], [4]), although it held that the People could use the evidence only in rebuttal and not as evidence in its case-in-chief (cf. CPL 260.30 [7]).

In *Wardius v Oregon* (412 US 470 [1973]), decided in 1973, the United States Supreme Court held that "the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants" (*id.* at 472). Notice-of-alibi statutes are required to include reciprocal discovery provisions because "[t]he State may not insist that trials be run as a 'search for truth' so far as defense witnesses are concerned, while maintaining 'poker game' secrecy for its own witnesses. It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State" (*id.* at 475-476). Thereafter, in 1974, the New York State Legislature amended its own notice of alibi statute to include reciprocal provisions as set forth in CPL 250.20 (2), (4) and (5) (*see* Peter Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 250.20).

CPL 250.20 (1) provides, among other things, that within eight days of service of a demand by the People, a defendant "must" serve upon the People a "notice of alibi," and that "[f]or good cause shown, the court may extend the period for service of the notice." The reciprocal provision, CPL 250.20 (2), provides, among other things, that "[w]ithin a reasonable time after receipt of the defendant's witness list but not later than ten days before trial," the People "must" serve and file a list of the witnesses the People propose to offer in rebuttal to discredit

the defendant's alibi at the trial, and that "[f]or good cause shown, the court may extend the period for service" of the People's witness list.

CPL 250.20 (3) provides that if the defendant calls an alibi witness at trial without having first served the requisite notice pursuant to CPL 250.20 (1), the court "may exclude any testimony of such witness," or "may in its discretion receive such testimony, but before doing so, it must, upon application" of the People, "grant an adjournment not in excess of three days" (CPL 250.20 [3]). CPL 250.20 (4) provides that the provisions of subdivision (3) "shall reciprocally apply" when the People seek to offer alibi rebuttal witnesses without having given the requisite notice pursuant to CPL 250.20 (2).

Here, the People contend, in effect, that, unlike CPL 250.20 (2), which requires the People to show "good cause" for an extension of time to serve the list of alibi rebuttal witnesses, CPL 250.20 (3) and (4) do not require such a showing for the court to exercise its discretion in receiving such testimony absent any compliance with the notice requirement. We disagree (cf. People v Harrison, 28 AD3d 581 [2006]; People v Tucker, 21 AD3d 387, 388 [2005]). A construction of the statute which requires good cause to be shown before trial, but not during trial, when late notice would be most prejudicial, is both contrary to the plain meaning of the statute, as well as contrary to the intent of the Legislature in amending the statute to comply with the Due Process Clause (see Wardius v Oregon, 412 US 470 [1973]). To hold otherwise would mean that CPL 250.20 (3) and (4) completely eviscerate the timeliness of notice requirements of CPL 250.20 (1) and (2).

Further, contrary to the People's contention, this Court's decision in People v Taylor (114 AD3d 886 [2014]) and the First Department's decision in People v Vasquez (189 AD2d 578 [1993], mod sub nom. People v Perez, 83 NY2d 269 [1994]) do not set forth a different construction of the statute. Those cases do not address the issue of whether good cause was shown in support of the trial court's exercise of discretion pursuant to CPL 250.20 (4) to allow alibi rebuttal evidence. Thus, this Court's decision in Taylor should not be interpreted to hold that the prosecution may offer alibi rebuttal testimony at trial where the prosecutor has neither complied with the notice requirement of CPL 250.20 (2), nor shown good cause for failure to do so. Indeed, appellate courts have routinely upheld a trial court's decision, pursuant to CPL 250.20 (3), to preclude a defendant from calling alibi witnesses who were not noticed pursuant to CPL 250.20 (1) and where no good cause was

shown for the delay (see *People v Wahhab*, 84 AD3d 982, 984 [2011]; *People v Reyes*, 49 AD3d 565, 566 [2008]; *People v Morgan*, 48 AD3d 703, 704 [2008]; *People v Louisias*, 29 AD3d 1017, 1019 [2006]; *People v Harrison*, 28 AD3d at 582; *People v Tucker*, 21 AD3d at 388; *People v Walker*, 294 AD2d 218, 219 [2002]; *People v Mensche*, 276 AD2d 834, 836 [2000]; *People v Aviles*, 234 AD2d 466, 467 [1996]; *People v Martinez*, 222 AD2d 702, 703 [1995]; *People v Delarosa*, 215 AD2d 496, 497 [1995]). Since the discretion exercised by the trial court pursuant to CPL 250.20 (4) is contingent upon the "reciprocal[ ]" application of the requirements of subdivision (3), the People must also establish good cause for their failure to provide the notice required by CPL 250.20 (2). Moreover, as a matter of due process, the same requirements imposed upon a defendant's calling of alibi witnesses are equally applicable to the People with respect to calling alibi rebuttal witnesses (see *Wardius v Oregon*, 412 US 470 [1973]).

Therefore, where the People have failed to comply with the notice requirement of CPL 250.20 (2), a court may exercise its discretion, upon application of the People during the trial, to permit alibi rebuttal witnesses to testify only upon a showing of good cause. In considering whether to exercise its discretion to permit the evidence, the court may consider, among other relevant factors, a reasonable excuse for the delay, whether the late notice was willful or an attempt to gain strategic advantage, and any prejudice to the defendant resulting from the delayed notification (see *People v Green*, 70 AD3d 39, 45 [2009]; *People v Ortiz*, 41 AD3d 114 [2007]; *People v Jiminez*, 36 AD3d 962, 964 [2007]; *People v Wiener*, 271 AD2d 319 [2000]).

Here, the prosecutor failed to show good cause for the late notice of rebuttal witnesses. Prior to providing notice, the prosecutor was served with the defendant's "notice of alibi," knew the substance of the defendant's alibi defense, and knew what evidence the prosecution would present in rebuttal (cf. *People v Lenihan*, 30 Misc 3d 289, 294-295 [2010]; *Fox v Mann*, 71 F3d 66, 69-71 [1995]). Indeed, on cross-examination of the defendant's witness, the prosecutor used the cell phone records she ultimately submitted in rebuttal to establish the foundation for the rebuttal case. Moreover, based upon the excuse given by the prosecutor, it is evident that the failure to give notice as required by the statute was willful and designed to gain strategic advantage (cf. *Taylor v Illinois*, 484 US 400, 415 [1988]; *People v Brown*, 306 AD2d 12, 13 [2003]). Under these circumstances, the defendant was prejudiced by the failure of the People to provide him with the requisite notice. Since the

prosecutor failed to show good cause for late notice, the trial court improperly allowed the People to present the alibi rebuttal testimony (*cf. People v Wahhab*, 84 AD3d at 984; *People v Reyes*, 49 AD3d at 566; *People v Morgan*, 48 AD3d at 704; *People v Louisias*, 29 AD3d at 1019; *People v Harrison*, 28 AD3d at 582). Because the defendant was deprived of a fair trial by this error, reversal is required (*see People v Crimmins*, 36 NY2d 230, 237-238 [1975]).

Since a new trial is being ordered, we note that, contrary to the defendant's contention, the evidence offered in rebuttal did not exceed the proper scope of rebuttal evidence. Rather, the evidence was offered to contradict or disprove an affirmative fact which the defense had endeavored to prove (*see People v Harris*, 57 NY2d 335, 345 [1982]; *People v Ortiz*, 133 AD2d 853, 854 [1987]; *People v Strawder*, 106 AD2d 672, 674 [1984]). In addition, the trial court did not improvidently exercise its discretion in allowing the People to elicit certain background evidence, which completed the narrative of events leading up to the charged crime (*cf. People v Gamble*, 18 NY3d 386, 398 [2012]; *People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Armstead*, 118 AD3d 903, 904 [2014]). Although the defendant's challenge to certain summation comments is unpreserved for appellate review (*see* CPL 470.05 [2]), we further note that, in violation of the trial court's express rulings, the prosecutor improperly argued to the jury that the evidence offered in rebuttal was additional proof of the defendant's guilt and that the defendant committed the subject crime as retribution for his brother's murder.

In light of our determination, we need not address the defendant's remaining contention that the sentence imposed was excessive. Rivera, J.P., Leventhal, Hinds-Radix and Barros, JJ., concur.