The People of the State of New York, Respondent,
against
Daniel Osei, Appellant.




Appellate Advocates (Michael Arthus of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Seth M. Lieberman and Rebecca L. Visgaitis of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Dena E. Douglas, J.), rendered May 6, 2015. The judgment convicted defendant, after a nonjury trial, of two counts of attempted assault in the third degree (counts 1 and 2), two counts of menacing in the third degree (counts 3 and 4), two counts of stalking in the fourth degree (counts 26 and 27), eight counts of attempted criminal contempt in the second degree (counts 7, 8, 9, 10, 16, 17, 24 and 25), four counts of harassment in the first degree (counts 13, 14, 22 and 23), eight counts of harassment in the second degree (counts 5, 6, 11, 12, 18, 19, 20 and 21), and disorderly conduct (count 15), and imposed sentence.




ORDERED that the judgment of conviction is modified, on the law, by vacating the convictions of counts 11, 12, 13, 14, 18, 19, 21 and 23, vacating the sentences imposed thereon, and dismissing those counts of the accusatory instrument, and by vacating the convictions of counts 1, 3, 5, 7, 10, 16, 17, 20, 22, 25 and 27, vacating the sentences imposed thereon, and, as a matter of discretion in the interest of justice, dismissing those counts of the accusatory instrument; as so modified, the judgment of conviction is affirmed. 
This case involves incidents which took place between defendant and his neighbors, Jacqueline Rivera and Virgilio Rivera, at the public housing apartment building in which they all resided. In a superseding information, the People alleged four times of occurrences, June 27, 2014, June 30, 2014, July 5, 2014, and the period of May 1, 2014 to January 1, 2015, and charged defendant with two counts of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), two counts of menacing in the third degree (Penal Law § 120.15), two counts of stalking in the fourth degree (Penal Law § 120.45), eight counts of attempted criminal [*2]contempt in the second degree (Penal Law §§ 110.00, 215.50 [3]), four counts of harassment in the first degree (Penal Law § 240.25), two counts of harassment in the second degree (Penal Law § 240.26 [1]), six counts of harassment in the second degree (Penal Law § 240.26 [3]), and disorderly conduct (Penal Law § 240.20 [7]). The People filed a prosecutor's information prior to trial. Following a nonjury trial, defendant was convicted of all counts.
On appeal, defendant contends that counts 11, 12, 13, 14, 18, 19, 21 and 23 of the prosecutor's information are facially insufficient and should be dismissed, and, in any event, the evidence was legally insufficient to establish his guilt of counts 11, 12, 13, 14, 18 and 19, and that the verdict thereon was against the weight of the evidence; that Mr. Rivera's invocation of his Fifth Amendment right against self-incrimination deprived defendant of his right to confront the witnesses against him; that the Criminal Court improperly limited defense counsel's cross-examination of Mr. Rivera; that defendant was denied a fair trial and the right to present a defense by the Criminal Court's preclusion of video recording evidence, striking of the testimony of his character witness, and refusal to accept defendant's late alibi witness notice; and that he was denied the effective assistance of counsel. 
We find, and the People concede, that counts 11 and 12 of the prosecutor's information, which charge defendant with harassment in the second degree (Penal Law § 240.26 [3]) in regard to the June 30, 2014 incident; counts 13 and 14, which charge defendant with harassment in the first degree (Penal Law § 240.25) in regard to the June 30th incident; counts 18 and 19, which charge defendant with harassment in the second degree (Penal Law § 240.26 [3]) in regard to the July 5, 2014 incident; and counts 21 and 23, which charge defendant with harassment in the second degree (Penal Law § 240.26 [3]) and harassment in the first degree (Penal Law § 240.25), respectively, in regard to the period from May 1, 2014 to January 1, 2015, are facially insufficient. With respect to counts 11, 12, 13, 14, 18 and 19, the factual allegations of the superseding information, which itself was superseded by the prosecutor's information (see CPL 100.50 [2]), fail to demonstrate that defendant engaged in a course of conduct, or repeatedly committed acts. With respect to counts 21 and 23, there are no allegations in the superseding information that the intended target was alarmed or seriously annoyed, or placed in reasonable fear of physical injury. Consequently, as the allegations in the superseding information in support of the foregoing counts do not assert facts of an evidentiary character that establish, if true, every element of the offenses charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Inserra, 4 NY3d 30 [2004]; People v Dumas, 68 NY2d 729, 731 [1986]), those counts of the prosecutor's information are jurisdictionally defective and must be dismissed (see CPL 100.50 [2]).
Upon a review of the record on appeal, we find that the Criminal Court properly precluded evidence of defendant's video recordings because defense counsel failed to lay a proper foundation for their admission into evidence at trial (see People v Patterson, 93 NY2d 80, 84 [1999]). The Criminal Court also properly exercised its discretion in precluding defendant from calling an alibi witness, since he failed to establish good cause for his failure the timely notify the People of that witness (see CPL 250.20; People v Diaz, 83 AD3d 958, 959 [2011]; People v Tucker, 21 AD3d 387, 388 [2005]). In addition, since, at trial, defendant did not argue that he had a constitutional right to call an alibi witness despite his statutory violation, his claims that the court's refusal to accept his late alibi notice deprived him of his constitutional rights to present a [*3]defense and to due process are unpreserved (see CPL 470.02; People v Angelo, 88 NY2d 217, 222 [1996]; People v Tucker, 21 AD3d at 388; People v Walker, 294 AD2d 218 [2002]). Likewise, defendant's contention that he was deprived of his constitutional right to present a defense and his right to due process, with respect to the striking of the testimony of his witness, is unpreserved for appellate review (see CPL 470.05 [2]). We decline to review these contentions in the interest of justice.
Defendant also contends that he was denied his constitutional right to confront Mr. Rivera due to Mr. Rivera's repeated invocation, during his cross-examination, of his Fifth Amendment right against self-incrimination, which he improperly used "as a shield to avoid answering crucial questions about his strong motivation to fabricate . . . testimony." Moreover, defendant asserts that the Criminal Court aggravated the prejudice by further limiting the cross-examination of Mr. Rivera. We note that defense counsel failed to present any arguments when the Criminal Court sustained the People's numerous objections to the questions counsel posed during his cross-examination of Mr. Rivera. Counsel also never moved for a mistrial, "he simply moved to a different line of questioning" and, therefore, his contention as to these questions is unpreserved for appellate review (People v Sutherland, 280 AD2d 622, 623 [2001]; see also People v Fani, 59 AD3d 460 [2009]). Ordinarily, defendant's contention would have no merit if the witness's "bias or interest has been fully explored through other means or the precluded area involved cumulative matter already presented" (People v Chin, 67 NY2d 22, 29 [1986] [citations omitted]; see also People v Corby, 6 NY3d 231, 235-236 [2005]). However, since these issues were not fully explored through other means, we address them in the interest of justice.
It is well settled that the trial court has broad discretion over the nature and extent of cross-examination (see People v Schwartzman, 24 NY2d 241 [1969]), and that discretion will not be disturbed on appeal absent plain abuse (see People v Sorge, 301 NY 198, 202 [1950]; People v Richardson, 28 AD3d 1002 [2006]; People v McNamara, 304 AD2d 908 [2003]). Even though cross-examination "may delve deep in order to attack credibility and present an alternate view of the facts, such inquiry is not open-ended. A witness may, if appropriate, invoke the constitutional shield of self-incrimination" (People v Chin, 67 NY2d at 28; see also Alford v United States, 282 US 687, 694 [1931]). Curtailment of cross-examination due to a witness's invocation of his Fifth Amendment right does not offend the confrontation clause if the unanswered questions are completely collateral to the direct evidence (see People v Chin, 67 NY2d at 28; People v Rodriguez, 177 AD2d 664, 665 [1991]). However, if the unanswered questions impact the defendant's ability to confront and cross-examine the witness on a matter directly relating to bias or a motive to lie, then the defendant's Sixth Amendment right to confrontation is implicated and the appropriate remedy is to strike the witness's testimony (see People v Chin, 67 NY2d at 28; see also People v Farruggia, 77 AD2d 447, 452 [1980]).
With respect to those remaining counts of the accusatory instrument wherein Mr. Rivera is the complainant, i.e., counts 1, 3, 5, 7, 10, 16, 20, 22, 25 and 27, as well as count 17 which was supported solely by Mr. Rivera's testimony regarding the events taking place on July 5, 2014, we find that, as a result of Mr. Rivera's invocation of his Fifth Amendment right against self-incrimination and the Criminal Court's additional limitations on his cross-examination, defendant was denied the opportunity to inquire into matters that were not clearly collateral, and which affected his ability to confront and cross-examine Mr. Rivera on matters directly relating to bias [*4]or a motive to lie. Consequently, so much of the judgment as convicted defendant of the aforementioned remaining counts must be reversed. Since it does not appear that further proceedings on those counts would serve any useful penological purpose (see e.g. People v Burwell, 53 NY2d 849 [1981]), those counts of the accusatory instrument are dismissed as a matter of discretion in the interest of justice.
Defendant further contends that he did not receive the effective assistance of counsel. In view of the foregoing, to the extent that this contention applies to defendant's conviction of the counts in which Mr. Rivera is the complainant, this contention need not be addressed. To the extent that this contention applies to defendant's conviction of the counts in which Mrs. Rivera is the complainant, a review of the record on appeal indicates that defendant has not shown that "he did not receive a fair trial because counsel's conduct was egregious and prejudicial" (People v Ambers, 26 NY3d 313, 317 [2005] [internal quotation marks omitted]), and we find that defendant received the effective assistance of counsel under the federal and state standards (see Strickland v Washington, 466 US 688 [1984]; People v Benevento, 91 NY2d 708, 713-714 [1998]).
Accordingly, the judgment of conviction is modified by vacating the convictions of counts 1, 3, 5, 7, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 25 and 27, vacating the sentences imposed thereon and dismissing those counts of the accusatory instrument.
PESCE, P.J., and ELLIOT, J., concur.
WESTON, J., concurs in part and dissents in part, and votes to reverse the judgment of conviction, dismiss counts 1, 3, 5, 7, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 25 and 27 of the accusatory instrument, and remit counts 2, 4, 6, 8, 9, 15, 24 and 26 to the Criminal Court for a new trial thereon in the following memorandum:
For the reasons stated by the majority, I concur with the ultimate disposition of counts 1, 3, 5, 7, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 25 and 27. In my opinion, however, the Criminal Court improvidently exercised its discretion in precluding testimony from defendant's alibi witness. 
Upon receipt of a demand by the prosecution, a defendant must, "within eight days of service of such demand, serve upon the people, and file a copy thereof with the court, a 'notice of alibi' " (CPL 250.20 [1]). This period of time may be extended upon a showing of good cause (id.). Where a defendant calls an alibi witness without providing the requisite notice, the court may exclude the testimony of such witness or, in its discretion, allow such testimony, provided that, upon the People's application, it grants the People an adjournment not exceeding three days (CPL 250.20 [3]). In the latter case, a defendant must still demonstrate good cause for failure to provide the requisite alibi notice (see People v Crevelle, 125 AD3d 995, 997 [2015]). In exercising its discretion, the court may consider whether the defendant proffered a reasonable excuse for the delay, whether "the late notice was willful or an attempt to gain strategic advantage," and whether the People are prejudiced by the delay (id. at 998).
Here, defendant showed good cause for the late notice of his alibi witness. Defense counsel explained that he did not provide timely notice because he was not the original attorney on the case and had spent the bulk of his time trying to negotiate a plea on defendant's behalf, and that defendant had provided him with a list of possible alibi witnesses only the week before trial (cf. People v Jiminez, 36 AD3d 962 [2007] [no reasonable excuse for failure to provide timely alibi notice, where defense counsel was aware of additional alibi witness in December 2004, but did not serve a second alibi notice until almost three months later on the eve of trial]). Moreover, [*5]the record contains no indication that the delay was willful or was intended to gain a strategic advantage (cf. People v Crevelle, 125 AD3d 995 [the trial court abused its discretion in allowing the prosecution to call witnesses to rebut the defendant's alibi witness, where the prosecution knew of the evidence it would present in rebuttal in advance, but failed to provide proper reciprocal notice]; People v Ortiz, 41 AD3d 114, 115 [2007] [the trial court properly precluded alibi testimony, where the court found, after a hearing, that the alibi was the "product of fabrication" and where the delay in providing notice was due to the willful conduct of the defendant, his family and defense counsel]). Finally, the prosecution could have availed itself of the three-day statutory adjournment, thereby obviating any prejudice caused by the delay (see People v Wiener, 271 AD2d 319 [2000]). Under these circumstances, the Criminal Court should have allowed defendant to file a late notice of alibi.
Accordingly, I vote to reverse the judgment of conviction, dismiss counts 1, 3, 5, 7, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 25 and 27 of the accusatory instrument, and remit counts 2, 4, 6, 8, 9, 15, 24 and 26 to the Criminal Court for a new trial thereon.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 31, 2019