■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTO CARRERO SILVA, Appellant. [22 NYS3d 834]—

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered July 2, 2013, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 20 years to life, respectively, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations, including its resolution of any inconsistencies in testimony. Defendant's justification defense was based entirely on his own statements, and his account of the actual shooting was generally contradicted by physical evidence, including medical evidence as to the trajectory of the bullet that killed the deceased. The evidence established an intentional killing, committed for revenge.

The court properly exercised its discretion in admitting two autopsy photographs, showing gunshot wounds in the front and back of the victim's heart, to corroborate an expert's testimony that the entry and exit wounds were at about the same height, indicating that the bullet's trajectory was approximately parallel to the floor. This evidence was highly probative in contradicting defendant's statement that he had shot the victim at a downward angle, and the probative value was not substantially outweighed by any prejudice resulting from the gruesome nature of the photos (*see People v Stevens*, 76 NY2d 833, 836 [1990]). The trajectory of the bullet was a contested issue, and the photos were not cumulative to the expert's testimony.

Defendant's challenges to the prosecutor's summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal,

since any improprieties in the summation did not rise to the level of reversible error (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]; *People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]). We have considered and rejected defendant's claim that his counsel rendered ineffective assistance by failing to object to the challenged parts of the summation (*see People v Cass*, 18 NY3d 553, 564 [2012]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Friedman, Gische and Kapnick, JJ.