People v Del Valle (2022 NY Slip Op 05765)

People v Del Valle

2022 NY Slip Op 05765

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Kapnick, J.P., Webber, Oing, González, Kennedy, JJ. 

Ind. No. 884/15 Appeal No. 16397 Case No. 2019-1704 

[*1]The People of the State of New York, Respondent,
v
Kristal Del Valle, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Katharine Skolnick of counsel), and Pillsbury Winthrop Shaw Pittman LLP, New York (Brianna Walsh of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.

Judgment, Bronx County (Diane Kiesel, J. at late notice application; Efrain Alvarado, J. at jury trial and sentencing), rendered May 30, 2017, convicting defendant of murder in the second degree, and sentencing her to a term of 18 years to life, unanimously affirmed.
Defendant's contention that the verdict was against the weight of the evidence in that the People failed to disprove her justification defense beyond a reasonable doubt is unavailing. A person may use deadly physical force — physical force which is readily capable of causing death or other serious physical injury — against another when, and to the extent, he reasonably believes that such force is necessary to defend himself from what he reasonably believes to be the use or imminent use of deadly physical force (see People v Goetz, 68 NY2d 96, 115 [1986]; Penal Law § 10.00[11]; Penal Law § 35.15). A defendant must have an actual, subjective belief that the use of deadly force is necessary, and that belief must be objectively reasonable (see Matter of Y.K., 87 NY2d 430, 433-434 [1996]).
In reaching a guilty verdict, the jury was certainly justified in crediting the witnesses presented by the People which discredited defendant's defense of justification beyond a reasonable doubt. The jury's credibility determination should be afforded great deference and should not be disturbed (see People v Garcia, 187 AD3d 585 [1st Dept 2020]; People v Silva, 135 AD3d 498 [1st Dept 2016], lv denied 28 NY3d 936 [2016]).
The motion court providently exercised its discretion in denying defense counsel's motion to file late notice of intent to present psychiatric testimony, and that ruling did not deprive defendant of her right to present a defense (see Crane v Kentucky, 476 US 683, 689-690 [1986]). Defendant's application was made on the eve of trial, 17 months after arraignment, and with no showing of good cause (see People v Berk, 88 NY2d 257, 265-266 [1966], cert denied 519 US 859 [1996]). While on appeal defendant claims that the People were on notice that a psychiatric defense might be possible, the record indicates that defense counsel affirmatively represented that he would not be introducing psychiatric testimony (see People v Hill, 10 AD3d 310, 311 [1st Dept 2004], affd 4 NY3d 876 [2005]). Further, we reject defendant's claim that her attorney rendered ineffective assistance by failing to timely serve such notice (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that failure to do so fell below an objective standard of reasonableness, or that there was any reasonable possibility that psychiatric evidence would have affected the outcome of the case.
The trial court providently exercised its discretion in allowing evidence of a prior incident of domestic violence by defendant. This evidence was relevant to establish defendant's intent (see People v Dorm, 12 NY3d 16, 19 [2009]; People v Robertson, 200 AD3d 540, 540[*2]-541 [1st Dept 2021], lv denied 37 NY3d 1164 [2022]), and its probative value outweighed any prejudicial effect, which was mitigated by the court's limiting instructions.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022