People v Williams (2025 NY Slip Op 25080)

[*1]

People v Williams

2025 NY Slip Op 25080

Decided on April 3, 2025

Criminal Court Of The City Of New York, Kings County

Fong-Frederick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on April 3, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Patrick Williams, Defendant.

Docket No. CR-015326-24KN

The defendant was represented by Karla Gonzalez of the Brooklyn Defender Services (kgonzalez@bds.org)
The Kings County District Attorney were represented by ADA Max Goldstein (kimda@brooklynda.org) 

Dale Fong-Frederick, J.

The defendant, Patrick Williams, is charged with Driving While Intoxicated (VTL §1192[3]) and other related charges. It is alleged that on April 14, 2024, at approximately 1:05 AM at the intersection of the eastbound Belt Parkway and Bay Parkway, the defendant was observed changing lanes without signaling, and when he was stopped, he exhibited common law indicia of intoxication that included red, watery eyes and an odor of alcohol on his breath. The issue now before the court is whether the defendant complied with his reciprocal discovery obligations and what remedy or sanction is appropriate, if any.
FACTS
The defendant was arraigned on April 14, 2024. The People filed a Certificate of Compliance (P-COC) on July 5, 2024. The defendant belatedly filed a reciprocal Certificate of Compliance (D-COC) on August 28, 2024, that failed to disclose anything. A combined Huntley/Dunaway/Ingle hearing was held on February 13, 2025, which was decided in an oral decision at the conclusion of the hearing. The defendant filed a supplemental D-COC (Sup D-COC) on February 21, 2025. The Sup D-COC contained a belated disclosure of an "In-Transit Permit" (the In-Transit Permit) and contact information for a potential witness.
Central to the issues in the combined hearing was the legality of the police stop and initial detention of the defendant. Specifically, the People argued two grounds upon which the defendant was seized. First the People asserted that the defendant did not have the In-Transit Permit properly displayed in his vehicle. Second, the People contended that the defendant changed lanes without signaling. Both predicates for his seizure were conveyed to the defendant contemporaneously with his seizure on April 14, 2024, and are memorialized on New York City Police Department Body Worn Camera (BWC) video footage. The defendant is seen on BWC video footage informing the arresting officers that his In-Transit Permit was legal and that he never changed lanes. Additionally, the police can be seen on the BWC video footage viewing the In-Transit Permit in the vehicle's rear window with a flashlight during the car stop. It is [*2]undisputed that the parties were on notice of the issues regarding the predicate for the stop and the defenses thereto from the inception of this case.
At the hearing, the defendant focused a substantial portion of his cross examination on the validity of the In-Transit Permit and its placement in the window. At the end of the cross examination, defense counsel improperly attempted to impeach the police witness by refreshing his recollection with the same permit that was in the defendant's vehicle window on the night of the defendant's arrest. Upon review of the In-Transit Permit, the People objected to its use. The witness was excused for argument, and the People stated that they had not received notice of the In-Transit Permit in the D-COC and demanded that sanctions be imposed on the defendant. In response, the defendant posited that he had no intention of introducing the In-Transit Permit in evidence and, as such, had no duty to disclose the In-Transit Permit to the People. When the witness returned to the stand, the defendant withdrew his question, did not ask any additional questions, and the People did not re-direct the witness. Both parties rested, and the court took a recess to allow the partes to prepare further argument and present any caselaw in support of their positions regarding reciprocal discovery obligations and any potential violation.
Oral arguments focused on three issues: (1) did the defendant have a duty to disclose the existence of the In-Transit Permit in his D-COC; (2) if so, did the People suffer any prejudice due to the defendant's failure to disclose; and (3) if there was prejudice, what remedy or sanction is appropriate.
The defendant argued that they neither intend to introduce the In-Transit Permit into evidence nor did they actually do so at the hearing because they withdrew the line of question. The defendant also posits that the term "introduce" is limited to admitting a document into evidence. The People countered that the In-Transit Permit was discoverable as it was in the defendant's possession, and the defendant did attempt to introduce it for the purpose of impeaching/refreshing the witness's recollection and that the defendant's withdrawal of the line of questioning relative to the impeachment/refreshing did not vitiate his obligation to disclose the In-Transit Permit in the D-COC.

LAW
The People must disclose and permit a defendant to discover all items and information that relate to the subject matter of the case which are in the possession, custody or control of the prosecution or persons under their direction or control, including the items subject to automatic discovery listed in CPL §245.20(1)(a)-(u). In turn, the "defendant shall, subject to constitutional limitations, disclose to the prosecution, and permit the prosecution to discover, inspect, copy or photograph, any material and relevant evidence within the defendant's or counsel for the defendant's possession or control that is discoverable under paragraphs (f), (g), (h), (j), (l) and (o) of subdivision one of this section, which the defendant intends to introduce at trial or a pre-trial hearing, and the names, addresses, birth dates, and all statements, written or recorded or summarized in any writing or recording, of those persons other than the defendant whom the defendant intends to call as witnesses at trial or a pre-trial hearing" (CPL §245.20[4][a]).
With the enactment of Article 245, the legislature made sweeping changes to discovery practice in criminal prosecutions in New York State. Specifically, the legislature ended the era of trial by ambush. The new statutory framework requires that the People provide discovery related to the subject matter of the case early in the criminal action and ties their discovery obligations to their trial readiness by necessitating the filing of a P-COC as a predicate to any readiness announcement. 
The defendant was given specific reciprocal discovery obligations (CPL §245.20[4]), which he must comply with within 30 days of the filing of the P-COC (CPL §245.10; People v Bay, 41 NY3d 200, 209 [2023]). Nothing in Article 245 of the CPL predicates the filing of the D-COC on the validity of the P-COC or limits the defendant's ability to challenge the P-COC by filing a D-COC in the 30-day window. The defendant is obligated to provide discovery to the People prior to, or along with, filing a D-COC. However, while the legislature expressly constrained the defendant's disclosure to conform with constitutional limitations, it did not expressly define what constitutes a constitutional limitation for purposes of reciprocal discovery.
Two such limitations found in the United States Constitution are the criminal defendant's right to an attorney (US Const, 6th Amend) and the right against self-incrimination (US Const, 5th Amend). These unshakable constitutional pillars must be reconciled with reciprocal discovery obligations pursuant to CPL §245.20(4). The Appellate Courts have yet to provide guidance to defense counsel and trial courts on what constitutes reciprocal discovery when evaluated against constitutional limitations. An exhaustive search located only one Appellate Court case involving reciprocal discovery, which is in the context of speedy trial calculation (People v Bautista-Gonzalez, 224 AD3d 845, 846 [2d Dept 2024]). However, the Court of Appeals is clear that the defendant's reciprocal discovery obligations pursuant CPL §245.20(4) are mandatory and the defendant must exercise due diligence and reasonable inquiry in meeting those obligations, and a violation of the discovery obligations is subject to CPL §245.80 sanction (People v Bay, 41 NY3d 200, 209 [2023]).
The question presented here is what, if anything, must be disclosed by the defendant when fulfilling his reciprocal discovery obligations pursuant to CPL 245.20(4). In determining whether the defendant complied with his discovery obligations when weighed against his constitutional rights in this case, this Court applied the following considerations:
1. Is the evidence related to the subject matter of the instant criminal action?
2. Is the evidence in the possession or control of the defendant or the defense counsel?
3. Is the evidence of such obvious nature and quality that its disclosure would directly incriminate the defendant in violation of his right against self-incrimination?
4. Is the evidence of such an obvious nature and quality that its disclosure would deprive the defendant of meaningful representation by leading the People to discover additional evidence that could be introduced in the People's case in chief to establish an element of the offenses charged?
5. Is the evidence of such obvious nature and quality that its disclosure would deprive the defendant of meaningful representation by leading the People to evidence they can introduce to undermine an affirmative defense?
When the evidence is related to the subject matter of the criminal action and does not appear to be of such an obvious nature and quality that its disclosure directly incriminates the defendant or lead the People to evidence that would incriminate the defendant, it would be subject to disclosure (CPL §245.20[4]). When the evidence appears to be of such an obvious nature and quality that its disclosure would incriminate the defendant or lead the People to evidence that would incriminate the defendant, it would not be subject to disclosure (id.).
If the evidence contains both damaging and helpful information, the defendant could simply decline to use and, therefore, not disclose evidence where the risk of constitutional harm outweighs any potential benefit from its use. When the defendant wishes to make use of [*3]evidence, he could also seek a protective order, which includes the use of ex parte supporting documents and testimony to remove the potential risk of constitutional harm to the defendant (CPL §245.70[1]), The protected evidence would then be subject to disclosure.
What the defendant may not do, is withhold evidence related to the subject matter of the criminal action and spring it upon the People at the last moment so that the People have no meaningful opportunity to investigate and prepare for pre-trial hearings and trial. The defendant's decision to use or not to use evidence only pertains to the designation of the evidence in their notice (see CPL §245.20[1][o]) and is not a basis to refuse to disclose discoverable evidence. Moreover, there is a continuing obligation to disclose evidence (CPL §245.60), and the requirement to file a Sup D-COC is significant, as it implies that the discovery will be provided prior to the pre-trial hearing or trial date so that the People have a meaningful opportunity to review the discovery and prepare for pre-trial hearings and trial.
The disclosure of evidence related to the subject matter that inadvertently leads the People to evidence damaging to the defendant's case is a risk for the most seasoned defense attorney. However, with truthful and detailed information from the defendant, coupled with proper investigation of facts and evaluation of the law, a defense attorney can make a strategic legal decision on what evidence is subject to disclosure and what should not be used in defense of the crimes levied against the defendant. In other words, the defendant must exercise due diligence and reasonable inquiry in the exercise of his discovery obligations (Bay, at 209).
The process of evaluating a case, providing notice, and allowing investigation by an adversary in a criminal prosecution is not unfamiliar in the defense of a criminal prosecution. Indeed, the defendant has long been obligated to disclose timely notice to the People of defenses to a prosecution in a manner that is similar to the obligations of reciprocal discovery (see CPL §§250.10, 250.20, 250.30). Although Article 250 of the CPL defines the implications for failure to provide timely disclosure of notice of a defense, the process for determining remedies and sanctions for late disclosure of notice of a defense is very much like the process for determining remedies and sanctions for a discovery violation as set forth in CPL §245.80.
In disclosing notice of an alibi defense, the defendant must provide the People with detailed information regarding the alibi location, alibi witness names and contact information, and must do so within 8 days of the People's demand (CPL §250.20[1]). Where the defendant fails to timely disclose an alibi defense in a detailed manner in accordance with his statutory obligation, the court may exclude the witness's testimony (CPL §250.20[3]). The People, who face similar reciprocal alibi disclosure obligations (CPL §250.20[2]), are subject to reciprocal sanctions for failure to provide the defendant with alibi rebuttal witness information (CPL §250.20[4]). Moreover, while the court may preclude alibi witness testimony when there is late alibi notice and no good cause shown for the delay in notice (People v Wilborn, 164 AD3d 530 [2d Dept], lv denied 32 NY3d 1069 [2018]; People v Wahhab, 84 AD3d 982, 984 [2d Dept], lv denied 17 NY3d 862 [2011]; People v Reyes, 49 AD3d 565 [2d Dept], lv denied 10 NY3d 869 [2008]), the court should first try to fashion a lesser sanction that is proportional to the harm caused to the People by the belated alibi disclosure (People v Green, 70 AD3d 39, 44 [2d dept 2009]; People v Cuevas, 67 AD2d 219, 224-226 [1st Dept 1979]). 
Similarly, a defendant must serve notice of intent to provide a psychiatric defense within 30 days of entering a plea of not guilty to an indictment (CPL §250.10) or risk preclusion if he cannot show good cause for the delay (People v Del Valle, 209 AD3d 502, 503 [1st Dept 2022]; People v Hill, 10 AD3d 310, 311 [1st Dept]], aff'd 4 NY3d 876 [2005])), and any such preclusion [*4]should be weighed against the prejudice to the People (People v Morris, 173 AD3d 1220, 1222 [2d Dept], lv denied 34 NY3d 953 [2019]; People v Gracius, 6 AD3d 222, 225 [1st Dept], lv denied 2 NY3d 800 [2004]).
In summary, while disclosure of reciprocal discovery (CPL §245.20[4]) presents some differences in what and when evidence must be disclosed, it is not unlike disclosure of a psychiatric defense (CPL §250.10), disclosure of an alibi defense (CPL §250.20), or defense involving computers (CPL §250.30). The defendant must disclose information to the defense attorney, who must then evaluate the evidence and make a strategic legal decision on how to use the evidence, if at all, in defense of the crimes charged. Each statute sets a time for the defendant to disclose information to the prosecution. As to each statute, the law permits the imposition of a remedy or sanction for the failure to disclose within the statutory timeframe absent a valid basis for belated disclosure. Each of the disclosure statues require the remedy or sanction to be proportional to the prejudice to the prosecution and weighed against the defendant's constitutional right to present a defense. Most importantly, each of the statutory disclosures gives the People an opportunity to investigate and prepare a response to the disclosures (CPL §245.80[1]; CPL §§250.10[3], 250.20[3], 250.30[3]). 

 ANALYSIS
In the instant case, the defendant was in possession of the In-Transit Permit from the time of his seizure until the time of his hearing. The In-Transit Permit is directly related to the subject matter of the hearing and relevant to the probable cause to stop the defendant's vehicle. Since it is uncontested that the In-Transit Permit was valid, as conceded by the officer at the time of the defendant's seizure, there is nothing obvious in the nature and quality of the In-Transit Permit that would incriminate the defendant, lead to evidence that could be used in the People's case-in-chief or undermine an affirmative defense. The In-Transit Permit is subject to reciprocal discovery and should have been disclosed in the D-COC.
The defendant argues that he did not intend to introduce the In-Transit Permit into evidence as an exhibit and that for purposes of CPL §245.20, disclosure of reciprocal discovery is limited to evidence that the defendant intends to introduce for admission into evidence as an exhibit. However, the defendant generally does not have a burden of proof and may still introduce evidence for various purposes despite not putting on a defense case. To accept the defendant's analysis, there would be very limited circumstances requiring reciprocal disclosure. Such circumstances would include when an affirmative defense is asserted, or when claiming to fall under a statutory exclusion to the offense charged. Otherwise, the defendant would not have to disclose anything unless they have formulated a plan to use the evidence as an exhibit at a pre-trial hearing or trial. 
The defendant's argument would allow the defendant to ambush the People at trial with evidence related to the subject matter of the trial for purposes of impeachment and refreshing a witness's recollection. This argument is unavailing and contradictory to both the plain language and the spirit of Article 245 of the CPL, which expressly favors a presumption of disclosure (CPL §245.20[7]). Moreover, once the defendant has determined that evidence can be used to impeach a witness or refresh recollection, he has determined that its use has value beyond any constitutional limitations. Anything related to the subject matter of the criminal action that could be introduced for any purpose at a pre-trial hearing or trial, including for impeachment and refreshing recollection, is subject to reciprocal discovery.
Here, the defendant did not timely disclose the In-Transit Permit in his D-COC. Instead, [*5]the People were ambushed with the In-Transit Permit during the suppression hearing. The In-Transit Permit was not actually disclosed until after the hearing in a Sup D-COC. The defendant has not presented any valid basis for his failure to timely disclose the In-Transit Permit. However, the People fail to establish any prejudice caused by the belated disclosure and neither a remedy nor a sanction is warranted (CPL §245.80[1][a]).
This constitutes the decision and order of the court.
Dated: April 3, 2025
Kings County
Hon. Dale Fong-Frederick